HOLLAND & KNIGHT LLP
Zachary C. Frampton (SBN 303225)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: zac.frampton@hklaw.com

*Attorneys for Defendant*
*Premium Merchant Funding One, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Ewing,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>Defendant. | Case No.: 3:22-cv-00215-JO-BGS<br><br>**DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S NOTICE OF MOTION AND MOTION TO STAY CASE**<br><br>Date:　　　　August 10, 2022<br>Time:　　　　9:00 a.m.<br>Courtroom:　　4C<br><br>**PER CHAMBERS: NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Complaint filed:  February 16, 2022<br><br>Judge Jinsook Ohta<br>Magistrate Judge Bernard G. Skomal |

///
///
///
///
///
///

**NOTICE IS HEREBY GIVEN** that on August 10, 2022 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court located at 221 West Broadway San Diego, CA 92101, in Courtroom 4C, Defendant Premium Merchant Funding One, LLC ("PMF") will and hereby does move this Court an Order staying proceedings in this action until September 14, 2022, to allow PMF to complete ongoing procedures with the California Franchise Tax Board to revive its corporate powers. PMF has cleared the hearing date with chambers. Per chambers, there will be no oral argument unless requested by the Court.

As set forth below in the Memorandum of Points and Authorities, this Motion is made on the grounds that a stay is necessary to avoid prejudice to PMF, which as a foreign corporation is entitled to invoke this Court's jurisdiction to have a neutral forum in which to adjudicate Plaintiff's claims. Under applicable law, PMF is entitled to revive its corporate powers without prejudice to defend itself in this litigation. Further, Plaintiff will not be prejudiced by a brief stay, as the case is in its initial stages, and a date for the initial case management conference has not been set.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the declaration of Abe Burger, all papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

Dated: June 24, 2022　　　　　　　　　　HOLLAND & KNIGHT LLP

　　　　　　　　　　　　　　　　　　　　By:/s/*Zachary C. Frampton*
　　　　　　　　　　　　　　　　　　　　　　Abraham J. Colman
　　　　　　　　　　　　　　　　　　　　　　Zachary C. Frampton

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　*Premium Merchant Funding One, LLC*

- 2 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
NOTICE OF MOTION AND MOTION TO STAY CASE

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
| A. | Under Applicable Law, PMF May Seek A Stay Pending Revivor Of Its Corporate Status | 5 |
| B. | Absent A Stay, PMF Will Suffer Prejudice | 7 |
| C. | A Brief Stay Will Not Prejudice Plaintiff | 9 |
| V. | CONCLUSION | 9 |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 2.13.896.2400
Fax: 213.896.2450

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bourhis v. Lord*,
  56 Cal.4th 320 (2013) .................................................................................. 5, 6

*Cadle Co. v. World Wide Hosp. Furniture, Inc.*,
  144 Cal. App. 4th 504 (2006) ......................................................................... 6

*Ferras v. Husqvarna Constr. Prod. N. Am., Inc.*,
  No. C 16-01081 SBA, 2016 WL 3547926, at *4 (N.D. Cal. June 30,
  2016) ............................................................................................................ 6, 7

*Intercontinental Travel Mktg., Inc. v. F.D.I.C.*,
  45 F.3d 1278 (9th Cir. 1994) ........................................................................... 6

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ........................................................................................ 4

*Leyva v. Certified Grocers of California, Ltd.*,
  593 F.2d 857 (9th Cir. 1979), cert denied, 444 U.S. 827 ............................... 5

*Lockyer v. Mirant Corp*,
  398 F.3d 1098 (9th Cir. 2005) ......................................................................... 5

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ......................................................................... 4

*Timberline, Inc. v. Jaisinghani*,
  54 Cal. App. 4th 1361 (1997) .......................................................................... 6

*Traub Co. v. Coffee Break Service, Inc.*,
  66 Cal.2d 368 (1967) .................................................................................. 8, 9

*United States v. 2.61 Acres of Land, More or Less*,
  791 F.2d 666 (9th Cir. 1985) ....................................................................... 8, 9

**Statutes**

California Revenue and Taxation Code section 23301 ............................................ 5

Rev. & Tax. Code, § 22305 ...................................................................................... 6

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 2.13.896.2400
Fax: 213.896.2450

Tax Code §§ 2305, 23305a ........................................................................................ 7

Tax Code §§ 23305 and 23305a ............................................................................... 7

**Other Authorities**

Local Rule 83.4 ........................................................................................................ 2

## I. INTRODUCTION

Defendant PMF respectfully requests that the Court grant a brief stay of proceedings in this action to allow it to complete procedures to revive its corporate status in California with the California Franchise Tax Board ("FTB"). PMF estimates that it will complete these procedures on or before July 22, 2022 and the FTB will isssue a certificate of revivor on or before September 14, 2022.

Absent a brief stay, PMF will be prejudiced in that it will not be allowed to defend this case on the merits. Plaintiff has moved to strike PMF's answer and enter its default. Under applicable law, however, PMF is permitted a brief period of time during which PMF may seek revival of its corporate status to be able to defend itself in this Action. At that point, PMF's only litigation activity in this lawsuit, which was filing an Answer to the Complaint, will be retroactively validated.

A stay is also necessary to put an end to Plaintiff's flurry of unnecessary and inappropriate conduct since learning that PMF's corporate status is forfeited. This Court has previously admonished Plaintiff for his unprofessional conduct in a written order, which Plaintiff is required to attach to every lawsuit he files for a period of three years. Plaintiff has ignored this Order and employed a scorched-earth strategy against PMF and its attorney. Since May 9, 2022, Plaintiff has moved to disbar defense counsel, reported him to the California state bar for discipline, and referred him to the District Attorney for prosecution, all because defense counsel filed an Answer on behalf of PMF. In the meantime, Plaintiff's communications with defense counsel have bordered on harassment. On one occasion, Plaintiff called defense counsel on his work line 69 times in a span of 23 minutes while defense counsel was in a Zoom meeting. Plaintiff has also repeatedly purported to place defense counsel under citizen's arrest (via email).

Furthermore, in an apparent effort to prevent PMF from reviving its corporate status, Plaintiff formed a California LLC with the same name as Defendant—Premium Mortgage Funding One, LLC.

- 1 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

By contrast, a stay will not prejudice Plaintiff. This case is in the initial stages of litigation, the Court has not set a date for the initial scheduling conference, no trial date has been set, and discovery has not commenced. Once PMF revives its corporate status, this case can proceed in due course.

For all these reasons, PMF respectfully requests that the Court grant a brief stay of this action pending revivor of PMF's corporate status in California.

## II.   FACTUAL BACKGROUND

On February 16, 2022, Plaintiff filed the Complaint in this action. ECF No. 1. Along with the Complaint, Plaintiff was required by order of the Honorable Larry A. Burns to file a notice to the Court that Plaintiff has been previously admonished by this Court for inappropriate and unprofessional litigation conduct. ECF No. 1-3. In the Order, this Court found that "Plaintiff has repeatedly violated Civil Local Rule 83.4 (concerning civility and professionalism)." *Id.* In particular, Plaintiff has been "discourteous and unprofessional when communicating with opposing parties and counsel; he disparaged their intelligence, ethics, and behavior; and he acted in a manner detrimental to the proper functioning of the judicial system." *Id.* The Court thus ordered Plaintiff to "be courteous and civil in all communications with opposing counsel, parties, and third parties and to refrain from disparaging their intelligence, ethics, or behavior, … making accusations for improper purposes (such as to harass, delay, or embarrass) or making any accusation without first confirming that it is accurate and supported by evidence." *Id.*

On May 2, 2022, PMF filed its Answer to the Complaint. ECF No. 4. One week later, on May 9, 2022, Plaintiff informed counsel for PMF by email that PMF's corporate status had been forfeited in California with the FTB. Declaration of Zachary C. Frampton ("Frampton Decl."), ¶ 2.

Prior to this notification from Plaintiff, PMF's attorney had no knowledge that PMF's corporate status had been forfeited in California. Frampton Decl., ¶ 2. PMF is incorporated in New York. Declaration of Abe Burger ("Burger Decl.") ¶ 2. After

- 2 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

learning that PMF's corporate status had been forfeited, PMF promptly contacted the FTB in an effort to take all steps necessary to revive its corporate status in California. Burger Decl. ¶ 3. The FTB informed PMF that it needed to file its California tax returns from 2016 to 2021. *Id.* at ¶ 4. Once the returns are submitted, PMF will know the amount in fees and penalties it will owe and will promptly pay whatever amount is owed. *Id.*

PMF has been working diligently to conduct the necessary research to complete the tax returns and other necessary documentation and submit them to the FTB. *Id.* at ¶ 5. PMF anticipates it will be able to submit the tax returns and pay all penalties and fees within 30 days of filing this Motion. *Id.* The FTB informed PMF that once the fees and penalties are paid, PMF may file a revivor letter (Form 3557), which will effectuate revivor of PMF's corporate status. *Id.* at ¶ 6. The FTB further informed PMF that it will take an additional four to eight weeks from the time PMF files the revivor letter for its corporate status to be revived. *Id.* Based on these estimated timelines, PMF anticipates its corporate status will be revived on or before September 14, 2022. *Id.* at ¶ 7.

Defense counsel informed Plaintiff that PMF would be filing this Motion for a brief stay pending revivor of its corporate status and asked for the professional courtesy of Plaintiff's patience while revivor is effectuated. Frampton Decl. 3. Instead, Plaintiff has engaged in a relentless campaign of baseless accusations, unprofessionalism, and harassment. *Id.* at ¶ 4.

On May 9, 2022, Plaintiff falsely accused defense counsel of "violat[ing] [his] duty of candor to the Court by failing to inform the Court that [PMF] is forfeited and thus prohibited from defending itself in a court of law in CA." *Id.* at ¶ 4. The next day, on May 10, 2022, Plaintiff emailed defense counsel and informed him that he set a motion hearing date to have him disbarred. *Id.* In the same email, Plaintiff purported to place defense counsel under citizen's arrest pursuant to PC §834 and 837, a claim Plaintiff has repeated numerous times over the last month. *Id.* Plaintiff has also

- 3 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

repeatedly accused defense counsel of engaging in deceit and criminal activity and purports to have referred him to the District Attorney for prosecution. *Id.*

Additionally, Plaintiff has harassed defense counsel by knowingly and repeatedly calling defense counsel while he is engaged in meetings. *Id.* at ¶ 5. For example, on June 3, 2022, Plaintiff called defense counsel 69 times in a span of 23 minutes, from 10:02 a.m. to 10:24 a.m. *Id.* As if the sheer volume of calls were not enough, defense counsel emailed Plaintiff at 10:05 a.m. and informed him that he was "in a Zoom meeting" and his previous six calls (from 10:02 a.m. to 10:05 a.m.) had "disturbed the meeting." *Id.* Plaintiff was undeterred and called 63 more times in the following 19 minutes. *Id.*

On May 16, 2022, Plaintiff formed a California LLC called "Premium Mortgage Funding One, LLC," which is the same name as Defendant's. *Id.* at ¶ 6, Ex. A.

On these facts, a brief stay is warranted while PMF revives its corporate status in California.

### III.   LEGAL STANDARD

The Supreme Court has held that a district court has discretion to stay proceedings in its own court. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court has inherent power to stay proceedings in this case arising from the Court's power to control its docket, conserve judicial resources, and provide for a just determination of the cases before it. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The Ninth Circuit has further explained:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, **administrative**, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

- 4 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979), cert denied, 444 U.S. 827 (*citing Kerotest Manufacturing Co. v. C-0-Two Fire Equip. Co.*, 342 U.S. 180 (1952)) (emphasis added).

The decision to grant a stay should be made in light of the particular circumstances and competing interests involved in the case. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV.  ARGUMENT

### A.  Under Applicable Law, PMF May Seek A Stay Pending Revivor Of Its Corporate Status

PMF requests a brief stay of this litigation pending revivor of its corporate status, which is the proper course of action under California statute and the caselaw interpreting it.

California Revenue and Taxation Code ("Rev. & Tax. Code") section 23301 authorizes the forfeiture of a foreign taxpayer's "corporate powers, rights and privileges" for the nonpayment of certain taxes and penalties. The purpose of section 23301 is to compel a delinquent corporation to pay its taxes. *Bourhis v. Lord*, 56 Cal.4th 320, 325 (2013). A corporation that forfeits its corporate powers may apply to the FTB for reinstatement after paying any tax, penalty, interest, or other amount owed. Rev. & Tax. Code, § 22305. If all obligations are satisfied, the FTB issues a "certificate of revivor." *Id.* "Upon the issuance of the certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but the reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture ...." *Id.* § 23305a.

- 5 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

A corporation whose powers have been suspended or forfeited lacks the capacity to prosecute or defend an action, or appeal from an adverse judgment. *Bourhis v. Lord*, 56 Cal. 4th 320, 324 (2013) (citing *Reed v. Norman*, 48 Cal.2d 338, 343 (1957)). Established case law teaches, however, that the "normal practice" is to permit a short continuance to enable a suspended corporation to effect reinstatement. *Cadle Co. v. World Wide Hosp. Furniture, Inc.*, 144 Cal. App. 4th 504, 512-513 (2006); *see also Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278, 1282 (9th Cir. 1994) (declining to dismiss the appeal of a suspended corporation that obtained revival prior to oral argument) (*citing United States v. 2.61 Acres of Land, More or Less*, 791 F.2d 666, 668-69 (9th Cir. 1985) (holding that the district court abused its discretion by failing to grant a brief continuance to allow a corporate party to obtain revivor)); *see also Timberline, Inc. v. Jaisinghani*, 54 Cal. App. 4th 1361, 1366 (1997) (normal practice is for the trial court to permit a continuance to enable the suspended corporation to effect reinstatement so as to defend itself in court).

Furthermore, revival of a defendant's corporate powers retroactively validates the defendant's actions to defend an action. *Ferras v. Husqvarna Constr. Prod. N. Am., Inc.*, No. C 16-01081 SBA, 2016 WL 3547926, at *4 (N.D. Cal. June 30, 2016) (holding that revival of defendant's corporate powers retroactively validated the defendant's removal to federal court while its corporate status was suspended); *see also Page v. Children's Council*, No. C 06-3268 SBA, 2006 WL 2595946, at *2 (N.D. Cal. Sept. 11, 2006) (noting that California courts permit retroactive validation of a range of litigation activities typically subject to a deadline, such as defending an action, undertaking discovery, and filing an appeal).

Here, it was only after PMF filed its Answer in this action that its attorneys learned that PMF's corporate status in California had been forfeited. Frampton Decl., ¶ 2; Burger Decl. ¶ 2. Since that time, PMF has been diligently working with the FTB to revive its corporate status. PMF therefore seeks a brief stay pending revivor of its corporate status.

For these reasons, PMF is "entitled to the benefit of a short continuance in order to pursue the revival of its corporate powers…." *Ferras*, 2016 WL 3547926, at *4 (N.D. Cal. June 30, 2016).

### B. Absent A Stay, PMF Will Suffer Prejudice

Absent a stay, PMF will be prejudiced. First, without a stay, this case will be decided on a correctable technicality and not on the merits. Plaintiff has asked the Court to strike PMF's Answer and enter default against PMF based on the fact that PMF's corporate status has been forfeited with the FTB. *See* ECF Nos. 10-11.

The Court should decline Plaintiff's request to win by default. PMF is entitled to cure this defect by reviving its corporate status. Pursuant to California Revenue and Tax Code §§ 23305 and 23305a, the revival of a corporation whose corporate status has been forfeited or suspended "shall be without prejudice to any actions, defense or right which has accrued by reason of the original suspension or forfeiture…." Cal. Rev. and Tax Code §§ 2305, 23305a.

Further, as noted, the revival of a corporation's powers during an action or proceeding will have the effect of validating all prior actions of the corporation. *Peacock*, 8 Cal.3d at 372 ("[A]s to matters occurring prior to judgment the revival of corporate powers has the effect of validating the earlier acts and permitting the corporation to proceed with the action. We are satisfied that the same rule should ordinarily apply with respect to matters occurring subsequent to judgment"); *see also Traub Co. v. Coffee Break Service, Inc.*, 66 Cal.2d 368, 370, (1967) (revival of corporate powers before trial is sufficient to permit a corporation to maintain its action); *United States v. 2. 61 Acres of Land*, 791 F.2d 666, 670 (9th Cir. 1986) (noting that under California law a revived corporation may proceed with an action regardless of when revival occurs and that suspension of corporate powers is a defense which may be asserted so long as a party-corporation is under disability).

Second, a stay is necessary to put an end to Plaintiff's aggressive overreaction to his recent discovery concerning PMF's corporate status. This Court has admonished

- 7 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

Plaintiff for his unprofessionalism previously, but Plaintiff has doubled down on this behavior since learning of PMF's corporate status. Because defense counsel filed an Answer on PMF's behalf (not knowing PMF had been suspended), Plaintiff has moved to disbar defense counsel, reported him to the California state bar for discipline, and referred him to the District Attorney for prosecution. Frampton Decl., ¶¶ 2, 4. In the meantime, Plaintiff's communications with defense counsel have amounted to harassment. On one occasion, Plaintiff called defense counsel on his work line 69 times in a span of 23 minutes while defense counsel was in a Zoom meeting. *Id.* at ¶ 5. Plaintiff has also repeatedly purported to place defense counsel under citizen's arrest (via email). *Id.* at ¶ 4.

Plaintiff has also engaged in inappropriate gamesmanship with respect to PMF. On May 16, 2022, Plaintiff formed a California LLC called "Premium Mortgage Funding One, LLC," which is the same name as Defendant's. Frampton Decl., ¶ 6, Ex. A. The only apparent reason is that Plaintiff seeks to prevent PMF from reviving its corporate status, take PMF's default, and avoid having to litigate this case on the merits.

For these reasons, PMF will be prejudiced without a stay.[1]

---

[1] PMF reserves all rights to seek further relief based on Plaintiff's conduct and otherwise later in this case once the revivor issue has been resolved.

- 8 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE

### C. A Brief Stay Will Not Prejudice Plaintiff

A brief stay is also warranted because it will not prejudice Plaintiff. This case is in its early stages. The Court has not yet set an initial case management conference, much less a trial date. No discovery has commenced. There is ample time for a brief stay to allow PMF to cure the forfeiture with the FTB before this litigation gets underway. Plaintiff will not be prejudiced by a stay of the action or having to litigate while PMF diligently works to revive its corporate status. In addition, as demonstrated, the law expressly provides that a forfeited corporation should be allowed time to revive its corporate status so that it may defend in litigation up to the time of trial and even after judgment is entered. *Peacock*, 8 Cal.3d at 372; *Traub Co., supra* 66 Cal.2d at 370; *2.61 Acres of Land, supra,* 791 F.2d at 670.

A stay is therefore warranted.

### V. CONCLUSION

For these reasons, Defendant PMF respectfully requests that the Court grant a brief stay of this action pending revivor of PMF's corporate status, which PMF anticipates will be completed on or before September 14, 2022.

Dated: June 23, 2022     HOLLAND & KNIGHT LLP

By: /s/*Zachary C. Frampton*
Zachary C. Frampton
Attorneys for Defendant
*Premium Merchant Funding One, LLC*

- 9 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S
MOTION TO STAY CASE