Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff in Pro Per

**FILED**
JUL 1 2 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Ewing, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**Premium Merchant Funding One, LLC**<br><br>Defendant. | Case No. 3: 22cv-0215-JO-BGS<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: 8/10/222<br>Time: 9:00 AM<br>Courtroom: 4C<br><br>[*The Honorable District Judge Ohta*]<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

May it please the Court, Plaintiff Ewing hereby responds in opposition to the Defendant's motion to stay the case for an unreasonable amount of time after an already unreasonable delay.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY - 1

22CV0215

1. The Court has the power to grant a motion to stay for a brief period of time. There is no question about that. But no other court that has granted a stay or continuance, has ever granted one for as long as Defendant has taken and now additionally requests. Defendant unreasonably and unfairly waited from May 9, 2022 to June 24, 2022 to file this motion to stay[1]. During that time Defendant refused to conduct a Rule 26f conference and refused to meet and confer. Then, in their motion they are asking for a stay until September 14, 2022. That is 128 days of delay[2]. Moreover, it is not believable that attorney Frampton did not know of his client's forfeited status when Rule 11 required "an inquiry reasonable under the circumstances." Defendant cannot have its cake and eat it too. Defendant cannot pass Rule 11 muster by asserting that he made an inquiry reasonable under the circumstances and also assert he did not know Defendant's forfeited status. This same law firm represented Defendant on two prior TCPA cases filed by this Plaintiff.

---

[1] Mr. Frampton also never conducted a proper telephonic meet and confer prior to filing.

[2] " The Court DENIES the request for a ninety-day extension to file an amended complaint because Plaintiff was on notice that withdrawal was a possibility even before the Court issued its original order granting leave to amend within forty-five days." *Firstfire Glob. Opportunities Fund, LLC v. Generation Next Franchise Brands, Inc.*, No. 19cv2496-JO-RBB, 2022 U.S. Dist. LEXIS 66976, at *4-5 (S.D. Cal. Apr. 11, 2022)

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY - 2

22CV0215

Further, there is no guarantee that Defendant will even be successful. Any stay beyond August 15, 2022, is per se unreasonable.

2. The issues are:

   a. Defendant is not formed or incorporated in California; rather, it is a New York entity.

   b. Defendant is not suspended; rather, it is forfeited.

   c. Defendant cannot "revive" itself by filing California tax returns and paying California taxes for several reasons, chief among them is that Defendant is not a corporation (Inc.).

   d. Defendant has never posted a telemarketers bond with the California Department of Justice and therefore it is still doing business illegally in California. *See* B&P §17511.1.

3. Suspension of an entity only is relevant to domestic California formed corporations. Defendant argues only about bringing a suspended corporation back into good standing after being suspended. That is not the issue. Defendant is a New York LLC and registered in California in 2016 as a "foreign" limited liability company.

4. Of note, Defendant never once paid its taxes, filed returns or complied with B&P §17511.1 from 2016 to 2022. Defendant has never once paid taxes in California.

5. Defendant also conflates the differences between "Inc" or corporation and "LLC" or limited liability company. They are not the same. They are two different bodies of law enacted at different decades in our state's history. Importantly, Defendant's LLC is a partnership, not a corporate entity of any kind. The Beverly-Killea Limited Liability Company Act was not enacted until 1994. Any rulings prior to 1994 could not possibly be referencing, contemplating or implying applicability to LLC's. LLC's were not born yet. Defendant cites the following cases, which were all decided prior to the existence of LLC's:

   a. *United States v. 2.61 Acres of Land, More or Less*, 791 F.2d 666 (9th Cir. 1985)

   b. *Traub Co. v. Coffee Break Service, Inc.*, 66 Cal.2d 368 (1967)

   c. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983)

   d. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979)

   e. *Landis v. North American Co.*, 299 U.S. 248 (1936)

   f. *Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278 (9th Cir. 1994) – Argued and submitted January 11, 1994.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY - 4

22CV0215

6. The California Revised Uniform Limited Liability Company Law, generally referred to as RULLCA, went into effect January 1, 2014. It completely replaced the Beverly-Killea Limited Liability Company Act. Thus California Corporations Code §§ 17000 through 17656 have been replaced with §§ 17701.01 through 17713.13. The new law applies to all existing California LLC's and foreign LLC's registered with the California Secretary of State as of the effective date. The new law is a modified version of the Revised Uniform Limited Liability Act put forth by the National Conference on Uniform State Laws in 2006. So again, Defendant's cited cases, chronologically, could not possibly be on point, binding or mandatory precedent of any kind.

7. Thus all cases cited by Defendant prior to 2014 are not applicable. Importantly, California Corporations Code §17701.02(j) states: ""Foreign limited liability company" means **an unincorporated** entity formed under the law of a jurisdiction other than this state and denominated by that law as a limited liability company." (*emphasis added*). Since Defendant, by definition, is not incorporated, but rather is "an unincorporated entity" then the laws that allow a corporation to revive itself simply do not apply. Defendant is confusing and conflating corporation revivor law with unincorporated partnership law. Further,

Defendant is saying that cases that discuss corporations handed down prior to 2014 are relevant to a post 2014 unincorporated non-California entity. This legal oversite is comical considering the size and caliber of Defendant's law firm.

8. "A suspension can also be indeterminately long, again as demonstrated by Car-Lene's failure to attend to the problem for over six years after it defaulted on its tax obligations. But the matter is, in any event, almost entirely within the control of the corporation. **If it neglects to attend to its tax obligations and corporate formalities, or chooses to ignore them, an opposing litigant should not be penalized and the corporation should not be rewarded--or be allowed to engage in procedural gamesmanship--on that basis.**" *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 311, 78 Cal. Rptr. 2d 892, 902 (1998) (*emphasis added*). Defendant is trying to get a reward for acting badly.

9. Defendant has not met its burden to show and demonstrate that the Legislature purposefully intended to include, and not exclude, foreign LLC's within the laws allowing for revivor of forfeited status for corporations. In statutory construction, the expression of one thing is the exclusion of all others. *Expressio unius est exclusio alterius.*

10. Addtionally, California Corporations Code §17701.08(b) provides that "the name of a limited liability company shall not be a name that the Secretary of State determines is likely to mislead the public and shall be distinguishable in the records of the Secretary of State from… the name of any limited liability company or foreign limited liability company

authorized to transact business in this state." There is now another LLC, named Premium Merchant Funding One, LLC, that is domestic, formed in 2022, and therefore Defendant cannot execute a legitimate revivor of its forfeited status. The fact that they filed for revivor under an illegal name means their revivor application is void *ab initio*.

11. Defendant has failed to register and post the $100,000 bond required for telemarketers in this state with the Department of Justice. California Corporations Code §17703.04(d) states "A limited liability company or foreign limited liability company shall carry insurance or provide an undertaking to the same extent and in the same amount as is required by any law, rule, or regulation of this state that would be applicable to the limited liability company or foreign limited liability company were it a corporation organized and existing or duly qualified for the transaction of intrastate business under the General Corporation Law." Since Defendant has failed to comply with this law, and failed to post the $100,000 bond, any revivor that it attempts to achieve is also *void ab initio*.

12. Moreover, California Corporations Code §17708.01(a) expressly states the law of the "other jurisdiction under which a foreign limited liability company is formed governs… the organization of the limited liability

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY - 7

22CV0215

company, its internal affairs, and the authority of its members and managers." California corporation law on revivor of California corporations simply does not apply.

13. Defendant was originally formed in New York on 8/20/2014. California Corporations Code §17711.13(a)(2) expressly states "this article applies to the following: A foreign limited liability company if the foreign limited liability company was formed on or after January 1, 2014."

14. The Court can take judicial notice of the prior two cases that Plaintiff had to file to get Defendant to stop the harassing telemarketing calls. It is going to be a huge waste of judicial resources to grant Defendant their 3rd subsequent day in court. Defendant is guilty and Defendant is liable for violating the law, again and again. Defendant has also recently been sued nine times in just the last few years for TCPA violations. That is the only type of lawsuit they are getting sued for. Defendant is a scofflaw.

Dated: July 12, 2022

Anton Ewing
/S/ Anton Ewing
Anton Ewing, Plaintiff
Plaintiff in Pro per

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY - 8

22CV0215

## PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter and not an authorized CM/ECF user. I have filed this request for judicial notice and had it served on Defendant as follows:

**22cv215 JO Notice has been electronically mailed to:**

I have also mailed by US Mail, postage pre-paid, first class to:

Zachary Frampton, Esq.
Holland & Knight, LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

ECF registered users were served by the CM/ECF system via the email they have on file with the Clerk of the Court.

I swear under penalty of perjury that the above was served as stated.

Dated: July 12, 2022

/S/ Anton Ewing
Anton Ewing

# Exhibit A

## Anton Ewing

| | |
|---|---|
| **From:** | Anton Ewing |
| **Sent:** | Friday, June 3, 2022 9:59 AM |
| **To:** | 'Frampton, Zachary C (LAX - X52413)' |
| **Cc:** | 'Colman, Abraham J (LAX - X52412)'; intake@calbar.ca.gov |
| **Subject:** | RE: Anton Ewing v. Premium Merchant Funding - 22cv215 JO |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

This will further document your unethical delay of this case

You are engaging in criminal deceit and a criminal violation of R&T §19719 in this matter.

I will be forwarding this matter to the DA.

**From:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Sent:** Wednesday, June 1, 2022 2:10 PM
**To:** anton@antonewing.com
**Cc:** Colman, Abraham J (LAX - X52412) <Abe.Colman@hklaw.com>; intake@calbar.ca.gov
**Subject:** RE: Anton Ewing v. Premium Merchant Funding - 22cv215 JO

Mr. Ewing,

As I have explained to you, we are preparing a motion to stay the case while my client revives its corporate status. A number of courts have held this is the appropriate procedure when a company's status has been suspended or forfeited. In addition to the case I cite below, please also see *Rosen v. Hollywood Show, LLC*, No. 218CV00215CASEX, 2019 WL 12536805, at *1 (C.D. Cal. Feb. 20, 2019).

Thanks,
Zac

**Zachary C. Frampton | Holland & Knight**
213.896.2413

**From:** Anton@AntonEwing.com <anton@antonewing.com>
**Sent:** Wednesday, June 1, 2022 8:55 AM
**To:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Cc:** Colman, Abraham J (LAX - X52412) <Abe.Colman@hklaw.com>; intake@calbar.ca.gov
**Subject:** RE: Anton Ewing v. Premium Merchant Funding - 22cv215 JO

*[External email]*
This email will further document your continued lack of candor to the Court in violation of B&P 6068(d) and well as you daily commission of a criminal violation of R&T §19719.

Either conduct a 26f or withdraw your Answer. But either way, if you continue to delay this matter by doing nothing, I will ramp up the pressure on you. If you think I am bluffing, then try me.

1

**From:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Sent:** Tuesday, May 24, 2022 3:44 PM
**To:** Anton Ewing <anton@antonewing.com>
**Cc:** Colman, Abraham J (LAX - X52412) <Abe.Colman@hklaw.com>; intake@calbar.ca.gov
**Subject:** RE: Anton Ewing v. Premium Merchant Funding - 22cv215 JO

I cited one case in this email chain below. I will copy it again for your convenience. *See Schwartz v. Magyar House, Inc.*, 168 Cal. App. 2d 182, 187–88, 335 P.2d 487, 490 (1959) ("This appeal essentially presents a single question for determination, and that is: May a defendant corporation which, pursuant to section 23301, is not permitted to defend an action, make a motion for a continuance so that it may be reinstated pursuant to section 23305, and thereafter participate in the trial? We are of the opinion that this must be answered in the affirmative.").

**Zachary C. Frampton | Holland & Knight**
213.896.2413

**From:** Anton Ewing <anton@antonewing.com>
**Sent:** Tuesday, May 24, 2022 3:22 PM
**To:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Cc:** Colman, Abraham J (LAX - X52412) <Abe.Colman@hklaw.com>; intake@calbar.ca.gov
**Subject:** Re: Anton Ewing v. Premium Merchant Funding - 22cv215 JO

*[External email]*
not sure what law you are looking at.

you have committed a crime Mr. Frampton.

As a threshold matter, individual corporate directors, officers, and/or attorneys would be subject to such criminal liability, not the corporation. See Rev. & Tax. Code § 19719(a) (providing for the punishment of "*any person*" who attempts to exercise suspended or forfeited corporate powers) (emphasis added); see also In re W. Coast Interventional Pain Med., Inc., 435 B.R. 569, 577 (Bankr. N.D. Ind. 2010) (describing individual liability).
*Ferras v. Husqvarna Constr. Prods. N. Am.*, No. C 16-01081 SBA, 2016 U.S. Dist. LEXIS 85605, at *10 (N.D. Cal. June 30, 2016)

**From:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Sent:** Tuesday, May 24, 2022 3:03 PM
**To:** Anton Ewing <anton@antonewing.com>
**Cc:** Colman, Abraham J (LAX - X52412) <Abe.Colman@hklaw.com>; intake@calbar.ca.gov <intake@calbar.ca.gov>
**Subject:** Re: Anton Ewing v. Premium Merchant Funding - 22cv215 JO

We are finalizing the stay motion and will file as soon as we are able. It is your position that we cannot file the stay motion while the corporate status is being corrected. However, the courts that have looked at this issue hold otherwise.

Zachary C. Frampton | Holland & Knight
213.896.2413

2