HOLLAND & KNIGHT LLP
Zachary C. Frampton (SBN 303225)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: zac.frampton@hklaw.com

*Attorneys for Defendant*
*Premium Merchant Funding One, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Ewing,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>Defendant. | Case No.: 3:22-cv-00215-JO-BGS<br><br>**DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER, ENTER DEFAULT, AND DISBAR DEFENSE COUNSEL**<br><br>Date:　　　　August 3, 2022<br>Time:　　　　9:00 a.m.<br>Courtroom:　4C<br><br>**PER CHAMBERS: NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Complaint filed: February 16, 2022<br><br>Judge Jinsook Ohta<br>Magistrate Judge Bernard G. Skomal |

///
///
///
///
///
///

DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1
II. FACTUAL BACKGROUND ................................................................................ 2
III. ARGUMENT ......................................................................................................... 4
   A. THE COURT SHOULD STAY THIS CASE PENDING REVIVOR OF PMF'S CORPORATE STATUS ................................................................................ 4
     1) Under California Law, A Brief Stay Is Warranted To Enable PMF To Revive Its Corporate Status ............................................................... 4
     2) Absent A Stay, PMF Will Suffer Prejudice ............................................. 6
     3) A Brief Stay Will Not Prejudice Plaintiff ................................................ 7
   B. PLAINTIFF'S REQUEST THAT DEFENSE COUNSEL BE DISBARRED SHOULD BE DENIED .................................................................................................. 7
IV. CONCLUSION ...................................................................................................... 8

## I. INTRODUCTION

The Court should deny Plaintiff's Motion to Strike Defendant Premium Merchant Funding One, LLC's ("PMF") Answer, to enter default against PMF, and to disbar defense counsel (ECF No. 10). The sole basis for Plaintiff's Motion is that PMF's corporate status with the California Franchise Tax Board ("FTB") was forfeited at the time PMF filed its Answer (ECF No. 4). As demonstrated in PMF's Motion to Stay this matter pending revivor of its corporate status (ECF No. 12), this does not warrant an order striking PMF's Answer, entering its default, or disbarring defense counsel. Rather, when a company's corporate status is suspended (California corporations) or forfeited (foreign corporations), the proper procedure is to allow the company to get back into good standing and then proceed to litigate on the merits. PMF therefore respectfully requests that the Court grant its Motion to Stay and deny Plaintiff's Motion to strike its Answer and enter its Default.

Furthermore, as set forth in PMF's Motion to Stay and declarations in support, defense counsel did not know that PMF's corporate status had been forfeited at the time PMF filed its Answer. There is no basis for Plaintiff's false and disparaging assertion that defense counsel knew but failed to disclose this fact to the Court. When defense counsel learned from Plaintiff that PMF's corporate status was forfeited, counsel informed Plaintiff that it would seek a stay pending revivor. PMF then filed the Stay Motion. There is no basis for Plaintiff's contention that defense counsel should be disbarred, a claim that is, respectively, beyond the pale.

Since learning of its corporate status, PMF has actively taken steps to effectuate revivo. On July 7, 2022, PMF filed a supplemental declaration confirming it has filed the necessary tax returns along with an application for certificate of revivor (ECF No. 14). When the FTB informs PMF the amount in taxes and/or penalties it owes, PMF will promptly pay the amount to finalize the revivor process so that the parties can proceed with litigation on the merits. *Id.*

- 1 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

For these reasons, PMF respectfully requests that the Court deny Plaintiff's Motion in its entirety and grant a brief stay of this action pending revivor of PMF's corporate status in California.

## II. FACTUAL BACKGROUND

To avoid unnecessary repetition, PMF incorporates by reference all facts, evidence, and argument set forth in PMF's Motion to Stay (ECF No. 12), declarations in support (ECF Nos. 12-1, 12-2), and supplemental declarations in support (ECF Nos. 14-15). In short, after PMF and its counsel learned in this litigation that PMF's corporate status had been forfeited, PMF has actively taken steps to effectuate revivor. PMF is ahead of schedule in this process. On July 7, 2022, PMF filed a supplemental declaration confirming that it has filed the necessary tax returns along with an application for certificate of revivor (ECF No. 14). When the FTB informs PMF the amount in taxes and/or penalties it owes, PMF will promptly pay the amount to effectuate revivor. *Id.* Based on this progress, PMF anticipates its corporate status will be revived before September 14, 2022. ECF No. 12-2, ¶ 7.

After PMF filed its Stay Motion, Plaintiff has continued to engage in a relentless campaign of unprofessionalism and unnecessary/unwarranted attacks. On June 24, 2022, the same day PMF filed its Stay Motion, Plaintiff emailed defense counsel and asserted:

> Your motion that you filed today is baseless, frivolous and devoid of merit. You have 21 days from today to withdraw your motion or face sanctions under Rule 11. If you want to meet and confer, let me know. You have also made material false statements to the Court under oath. I will take all available legal action against you today.

Declaration of Zachary C. Frampton, Frampton Decl. ¶ 2.

That same day, Plaintiff emailed defense counsel again and disparaged him by suggesting that "maybe" PMF has "bad legal counsel." *Id.*

On July 7, 2022, Plaintiff emailed defense counsel and asserted:

- 2 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

> You are engaging in a crime by filing declarations with the court as you are not allowed to practice law while your client's entity is forfeited. Further, calling me a person engaging in 'gamesmanship' is a violation of LR 2.1. You just earned yourself another Bar complaint and another motion to sanction you."

*Id.* at ¶ 3.

Later that day on July 7, 2022, Plaintiff emailed defense counsel again:

> You stated that I sent you an email about the LLC formation. In your declaration signed under penalty of perjury today you confessed: 'Upon further review of my email records, I realize now that I was mistaken. This was inadvertent.' You do not get to get away with a Rule 11 violation by simply further declaring that what you did was 'inadvertent' and that you were simply 'mistaken.' You signed the court-filed papers pursuant to Rule 11 wherein you assert, as an attorney at law, that your 'factual contentions have evidentiary support' but in fact they did not. You slandered and disparaged me in front of the Judge. You will not get away with this. I am filing another motion to have you disbarred. On day 21, I am filing yet another Rule 11 motion to sanction you. You had better stop this nasty and unprofessional attitude. I will not stand for it. I will not let you get away with it.

*Id.* at ¶ 4.

On July 15, 2022, Plaintiff emailed defense counsel again, this time referencing the Bible and instructing defense counsel to "Do unto others as you would have them do unto you. This is the essence of the Law. Matthew 7:12." *Id.* at ¶ 6.

Plaintiff has also doubled down on his unwarranted and aggressive litigation tactics. He has filed two more motions to have defense counsel disbarred (ECF Nos. 13, 17) and is threatening a fourth motion to disbar defense counsel in addition to a motion for Rule 11 sanctions.

On these facts, a brief stay is warranted while PMF revives its corporate status in California. Plaintiff's requests to strike PMF's Answer, enter its default, and disbar defense counsel should be denied.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 3 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

### III. ARGUMENT

### A. The Court Should Stay This Case Pending Revivor Of PMF's Corporate Status

#### 1) Under California Law, A Brief Stay Is Warranted To Enable PMF To Revive Its Corporate Status

As set forth in PMF's Motion to Stay, California statute and the caselaw interpreting it make clear that the proper and favored procedure is to briefly stay this action pending revivor of PMF's corporate status.

The Ninth Circuit has held that under relevant California law, "a district court does possess the discretion to grant a continuance in order to allow a suspended corporation to secure reinstatement." *United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*, 791 F.2d 666, 671–72 (9th Cir. 1985) (reversing District Court's denial of continuance to effect revivor); *see also Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278, 1282 (9th Cir. 1994) (declining to dismiss the appeal of a suspended corporation that obtained revival prior to oral argument). Indeed, permitting a short continuance to enable a suspended California corporation or a forfeited foreign corporation to effect reinstatement is the "normal practice."

For example, *Helix Env't Plan., Inc. v. Helix Env't & Strategic Sols.*, No. 18-CV-2000-AJB-NLS, 2019 WL 4187471, at *2 (S.D. Cal. July 3, 2019) (Battaglia, A.), the defendant sought to set aside a default judgment. In opposition, the plaintiff filed a supplemental motion showing that as of the date of the motion's filing, the Defendant's business was suspended with the California Franchise Tax Board. *Id*. The Court rejected this argument and set aside the default, noting: "Although Defendant's business might be currently suspended with the FTB, it could theoretically cure the suspension and continue participating in litigation." *Id*.

Likewise, the California Court of Appeal held that the trial court "abused its discretion in entering judgment against the corporate defendant." *Cadle Co. v. World*

*Wide Hosp. Furniture, Inc.*, 144 Cal. App. 4th 504, 512 (2006). The Court reasoned that "[a] brief trial continuance would have permitted Hospitality—whose attorney was clearly caught off guard by Cadle's revelation—to file the required informational statement, restore the corporation's good standing with the State, and defend the litigation." *Id.*; *see also Timberline, Inc. v. Jaisinghani*, 54 Cal. App. 4th 1361, 1366 (1997) (holding that the normal practice is for the trial court to permit a continuance to enable the suspended corporation to effect reinstatement so as to defend itself in court).

Revival of a defendant's corporate powers retroactively validates the defendant's actions to defend an action. *Ferras v. Husqvarna Constr. Prod. N. Am., Inc.*, No. C 16-01081 SBA, 2016 WL 3547926, at *4 (N.D. Cal. June 30, 2016) (holding that revival of defendant's corporate powers retroactively validated the defendant's removal to federal court while its corporate status was suspended); *see also Page v. Children's Council*, No. C 06-3268 SBA, 2006 WL 2595946, at *2 (N.D. Cal. Sept. 11, 2006) (noting that California courts permit retroactive validation of a range of litigation activities typically subject to a deadline, such as defending an action, undertaking discovery, and filing an appeal).

Here, the Court should decline Plaintiff's invitation to strike PMF's Answer and enter its default. The favored and proper procedure is to permit PMF time to revive its corporate status. It was only after PMF filed its Answer in this action that its attorneys learned that PMF's corporate status in California had been forfeited. ECF No. 12-1, ¶ 2; ECF No. 12-2, ¶ 2. Since that time, PMF has been diligently working with the FTB to revive its corporate status and has filed a motion seeking a brief stay pending completion of its revivor. ECF No. 12. PMF is moving ahead of schedule in this process. On July 7, 2022, PMF filed a supplemental declaration confirming that it has filed the necessary tax returns along with an application for certificate of revivor (ECF No. 14). When the FTB informs PMF the amount in taxes and/or penalties it owes, PMF will promptly pay the amount to effectuate revivor. *Id.*

- 5 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

For these reasons, PMF is "entitled to the benefit of a short continuance in order to pursue the revival of its corporate powers…." *Ferras*, 2016 WL 3547926, at *4 (N.D. Cal. June 30, 2016).

### 2) Absent A Stay, PMF Will Suffer Prejudice

Absent a stay, PMF will be prejudiced. First, without a stay, this case will be decided on a correctable technicality and not on the merits.

The Court should decline Plaintiff's request to win by default. PMF is entitled to cure this defect by reviving its corporate status. Pursuant to California Revenue and Tax Code §§ 23305 and 23305a, the revival of a corporation whose corporate status has been forfeited or suspended "shall be without prejudice to any actions, defense or right which has accrued by reason of the original suspension or forfeiture…." Cal. Rev. and Tax Code §§ 2305, 23305a.

Further, as noted, the revival of a corporation's powers during an action or proceeding will have the effect of validating all prior actions of the corporation. *Peacock*, 8 Cal.3d at 372 ("[A]s to matters occurring prior to judgment the revival of corporate powers has the effect of validating the earlier acts and permitting the corporation to proceed with the action. We are satisfied that the same rule should ordinarily apply with respect to matters occurring subsequent to judgment"); *see also Traub Co. v. Coffee Break Service, Inc.*, 66 Cal.2d 368, 370, (1967) (revival of corporate powers before trial is sufficient to permit a corporation to maintain its action); *United States v. 2. 61 Acres of Land*, 791 F.2d 666, 670 (9th Cir. 1986) (noting that under California law a revived corporation may proceed with an action regardless of when revival occurs and that suspension of corporate powers is a defense which may be asserted so long as a party-corporation is under disability).

Second, a stay is necessary to put an end to Plaintiff's aggressive overreaction to his discovery concerning PMF's corporate status. This Court has admonished Plaintiff for his unprofessionalism previously, but Plaintiff has doubled down on this behavior since learning of PMF's corporate status, both before and after PMF moved

- 6 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

for a stay pursuant to California law. Plaintiff has filed no less than three motions to disbar defense counsel, reported him to the California state bar for discipline, and referred him to the District Attorney for prosecution. ECF No. 12-1, ¶¶ 2, 4. In the meantime, Plaintiff's communications with defense counsel have amounted to harassment, as set forth in PMF's Motion (ECF No. 12-1) and here. *See* Frampton Decl.

For these reasons, PMF will be prejudiced without a stay.[1]

### 3)  A Brief Stay Will Not Prejudice Plaintiff

A brief stay is also warranted because it will not prejudice Plaintiff. This case is in its early stages. The Court has not yet set an initial case management conference, much less a trial date. No discovery has commenced. There is ample time for a brief stay to allow PMF to cure the forfeiture with the FTB before this litigation gets underway. Plaintiff will not be prejudiced by a stay of the action or having to litigate while PMF diligently works to revive its corporate status. In addition, as demonstrated, the law expressly provides that a forfeited corporation should be allowed time to revive its corporate status so that it may defend in litigation up to the time of trial and even after judgment is entered. *Peacock*, 8 Cal.3d at 372; *Traub Co., supra* 66 Cal.2d at 370; *2.61 Acres of Land, supra,* 791 F.2d at 670.

A stay is therefore warranted. Plaintiff's request to strike PMF's Answer and enter its default should be denied.

### B.  Plaintiff's Request That Defense Counsel Be Disbarred Should Be Denied

Plaintiff also requests that defense counsel for PMF be disbarred for filing an Answer on PMF's behalf while PMF's corporate status was forfeited. This request should be denied.

First, as set forth in PMF's Motion, PMF's attorney did not know PMF's corporate status was forfeited at the time of filing the Answer. ECF No. 12-1, ¶ 2.

---

[1] PMF reserves all rights to seek further relief based on Plaintiff's conduct and otherwise later in this case once the revivor issue has been resolved.

- 7 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S OPPOSITION

Upon learning of PMF's corporate status, defense counsel has worked with PMF to effectuate revivor and has requested a brief stay to enable PMF to do so. Respectfully, this was the proper response to learning about PMF's corporate status, not grounds for disbarment.

## IV.   CONCLUSION

For these reasons, Defendant PMF respectfully requests that the Court deny Plaintiff's Motion.

Dated: July 15, 2022                                 HOLLAND & KNIGHT LLP

By: /s/ *Zachary C. Frampton*
Zachary C. Frampton
Attorneys for Defendant
*Premium Merchant Funding One, LLC*