Anton Ewing (Not an Attorney)
3077 Clairemont Dr. #372,
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff in pro se

FILED
SEP 21 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**Anton Ewing**, an individual,

    Plaintiff,

vs.

**Premium Merchant Funding One, LLC**

    Defendant.

Civil Case No. 22-cv-0215 JO- DDL

**PLAINTIFF'S RESPONSE OPPOSING EX PARTE MOTION AND OPPOSING SUCESSIVE AND REPETATIVE REQUEST FOR STAY**

Hearing: NA
Time: NA
Courtroom: NA

*The Honorable District Judge Ohta*
*The Honorable Magistrate Leshner*

No Oral Argument unless Ordered

    Plaintiff Anton Ewing ("Ewing"), pro se, does hereby oppose the illegal and improperly filed ex parte motion filed by Defendant on 9/20/2020 as ECF No. 36 as follows:

    1. At PageID.323, in ECF No 36-1, the heading of the declaration is improper. The declaration states: "Declaration of Zachary C. Frampton

PLAINTIFF'S RESPONSE OPPOSING EX PARTE MOTION AND OPPOSING SUCESSIVE AND REPETATIVE REQUEST FOR STAY- 1

22cv0215

in Opposition to Plaintiff's **Motion to Strike**." That has already been briefed and the date for hearing has passed. Like the Honorable Judge Bashant ruled in ECF No. 7 in *Ewing vs. Halbani*, 22cv-919-BAS, Civil Local Rule 5.1j3 requires the caption and description to be correct and accurate. Failure to comply is ground for denial and striking the document. The Court is requested to strike all of ECF No. 36.

2. Frampton admitted that he was not in the United States when he signed this declaration. *See* paragraph 2 at PageID.324 ("I am currently on vacation… in Europe"). Therefore, 28 USC §1746 <u>required</u> Frampton to make the following assertion: "If executed **without** the United States: "I declare under penalty of perjury **under the laws of the United States of America** that the foregoing is true and correct." *Compare* §1746(2) if within. Instead, Frampton only put "I declare under penalty of perjury that the foregoing is true and correct." Frampton failed to put "under the laws of the United States of America" and thus his declaration is void *ab initio* and cannot be considered evidence in this matter. It must be ignored by the Court. Under §1746, Frampton could have even put "USA" or "United States" or even "America" but he failed to do so.

3. Frampton's filing at ECF No. 36 is a crime. His client, the Defendant, is forfeited by the FTB according to the Secretary of State. California Revenue and Taxation Code §19719 is clear. Frampton has either advised his client to commit the crime, which no attorney can do, or he has exercised a right, power or privilege that has been revoked (ie forfeited), which is a crime in California. Either way, the Court cannot aide, abet, participate or further the crime that Frampton has committed by ruling on his self-induced emergency motion that violates R&T §19719.

PLAINTIFF'S RESPONSE OPPOSING EX PARTE MOTION AND OPPOSING SUCESSIVE AND REPETATIVE REQUEST FOR STAY- 2

22cv0215

4. Defendant's *ex parte* motion is a self-induced emergency because they waited way too long. Attorney Frampton failed to meet and confer with Plaintiff prior to filing this motion. This violates the Magistrate Judge's chamber rules. The Magistrate also sent an email to both parties on 9/15/2022, instructing them to follow chamber rules regarding the filing of any motions in this matter. This is reason alone and reason enough to deny the emergency motion and sanction, *sua sponte*, Defendant.

5. Frampton should be sanctioned for:
    a. Violating R&T §19719
    b. Not meeting and conferring via telephone, video or in-person.
    c. Not complying with the Magistrate's chamber rules.
    d. Violating a direct order from Magistrate Leshner on 9/15.
    e. Making derogatory remarks and defamatory statements toward Plaintiff.
    f. Not providing proper notice.
    g. For filing an ex parte that is not an emergency
    h. For filing successive motions to stay
    i. For claiming that Plaintiff set up CA LLC's without clear evidence
    j. For falsely claiming that Plaintiff's acts have forestalled Defendant's revivor when in fact it was Frampton's failure to follow the rules on revivor by failure to change the name in New York.
    k. Baselessly threatening Plaintiff with sanctions.

6. A discovery order has been issued by the prior Magistrate Judge. *See* ECF No. 25.

7. Frampton never spoke on the phone with Plaintiff. In fact Frampton refused to engage in oral communications notwithstanding the Magistrate's direct order and Plaintiff insistence that he comply. The *ex parte* motion that attorney Frampton intended to file was supposed to be on 9/21, and then he changed that to 9/23 and then he unfairly and inappropriately filed it on 9/20/2022. Further it is not an emergency. Frampton sent Plaintiff an email at 2:04 AM on Saturday, 9/17/2022, informing me that he intends to file *ex parte*. In his email Frampton stated:
    a. "As a procedural matter, you claim that we must meet and confer pursuant to the Magistrate Judge's chamber rules below and Local Rule 26.1. This is incorrect. Local Rule 26.1 and the Magistrate's Standing Order govern discovery disputes. I am making a request yto [*sic*] modify the case schedule, which is an issue on which District Judge Ohta must rule."
8. Attorney Frampton is attempting to move a discovery deadline; therefore, it is a discovery motion and he must follow the meet and confer mandate set forth in the chamber rules for the Honorable Judge Leshner.
9. Even having an emergency is no justification for committing the criminal act of exercising rights, powers and privileges while forfeited by the Secretary of State.
10. Plaintiff put attorney Frampton on notice that he must follow the Judge's chamber rules on motions and the meet and confer requirement.
11. Attorney Frampton knows that email correspondence does not satisfy the meet and confer mandate. Plaintiff expressly informed him of this rule.
12. It has been over 30 days since the discovery matter has arisen and thus Defendant has waived his right to request relief. *See* ECF No. 25 filed on 7/21/2022 and chamber rules. Frampton was on notice of the 9/23

PLAINTIFF'S RESPONSE OPPOSING EX PARTE MOTION AND OPPOSING SUCESSIVE AND REPETATIVE REQUEST FOR STAY- 4

22cv0215

deadline for the 26(f) conference on 7/21. He had until 8/22 to make his litigation move. He certainly should have moved within 30 days from 7/25 when the Secretary of State denied his client's revivor application. Per chambers rules, any discovery matter not brought to the attention of the Court within 30 days is waived. Note there is already a pending motion to stay, thus any requested relief now is purely a discovery matter.

13. On July 25, 2022, the California Franchise Tax Board, via the Secretary of State, posted Control ID BA20220567448 which was a denial of its revivorship request filed by Defendant. *See* ECF No. 12.

14. On September 14, 2022, Defendant was again denied revivor because Defendant failed to change its name in New York first.

15. California Revenue & Taxation code section 19719 prohibits attorney Frampton from defending his client in court while his client is forfeited by the Secretary of State/FTB. *See also* FRCP 17(b)(3) and R&T §23301.

16. There is already a fully briefed and pending motion to stay the case. See ECF No. 12 filed on 6/24/2022 which was set for hearing on August 10, 2022. It has not been ruled on and it has been 87 days since Defendant filed said motion. Defendant's filing of another motion to stay is improper, repetitive and constitutes a criminal act on the part of defense counsel. Importantly, Frampton was put on notice on 5/2/2022, the day he filed the Answer, thus is has been over 140 days of delay. Now he wants yet another 90 plus days of delay. It is too much. It is unreasonable.

17. There is no cognizable evidence before the Court that demonstrates that Plaintiff set up an LLC or LLC's of the same or similar name or names as

Defendant. The District Attorney and the Secretary of State are investigating the IP Address[1] and the MAC address of the computer that was used to access the Secretary of State's web portal at www.bizfileonline.sos.ca.gov to see who exactly set up these entities. Interestingly, but of course Plaintiff is not making any assertion whatsoever, the IP Address for the first CA LLC geolocates to Los Angeles, where defense counsel is located and the second CA LLC geolocates to approximately New York, New York, where Defendant is located. It is entirely possibly for any person to put another person's name on an entity and just say that they set it up. Defendant has not proven anything to the Court. Setting up an entity in California is free until June 1, 2023, thus we will not be able to obtain credit card information. How convenient for Defendant. During discovery, if it ever gets to that, Plaintiff will respectfully request the Court authorize a subpoena *duces tecum* to the ISP's that owns the IP Addresses used.

18. Attorney Frampton has previously made false statements, while under oath, in this case and has had to "correct himself" in order to get out of perjury charges.

19. Plaintiff has previously placed Zachary Frampton under citizen's arrest pursuant to Penal Code §§834 and 837 for violating R&T §19719 in this

---

[1] The IP Address was a "dynamic IP" which means that we will have to find out the exact date and time to see who was using said IP Address and whether a VPN was used. Defendant likely used a burner phone to create an email account to access bizfileonline.sos.ca.gov.

case. Attorney Frampton should take this matter seriously. He seems to misunderstand what is going on here. Frampton thinks that when Plaintiff puts Frampton under arrest for violating a criminal law in Plaintiff's presence, that that somehow is either a joke or that Plaintiff is engaging in "reprehensible conduct in this case." The only thing that is "reprehensible" is Frampton's knowing, willful and intentional violation of the criminal laws of California. Frampton thinks that when Plaintiff brings Frampton's conduct and actions to light, that that is "abusive and inappropriate conduct." The only "abusive and inappropriate conduct" is when Frampton violates criminal laws by filing motions and responses in this case. The only document that Frampton was entitled and authorized to file was his original motion to stay the case. That is all. That is the only thing he was permitted to do.

20. Attorney Frampton was expressly and explicitly warned that filing another motion in this matter would constitute a criminal act because his client's rights, powers and privileges are forfeited in California.

21. Defendant has not formally and properly changed its name in New York and thus cannot change its name in California. *See* form LLC-6 which expressly requires it "be submitted with a current certificate evidencing the name change issued **by the government agency where the LLC was formed**." Frampton was expressly put on notice of this mistake, yet he refuses to acknowledge his error and still asserts to the Court that he can achieve revivor. An attorney for the Secretary of State wrote Plaintiff a letter and assured that Defendant will never obtain revivor unless and until they formally change their name in New York and provide the Secretary of State with a certificate demonstrating compliance.

PLAINTIFF'S RESPONSE OPPOSING EX PARTE MOTION AND OPPOSING SUCESSIVE AND REPETATIVE REQUEST FOR STAY- 7

22cv0215

22. The case is not stayed and a scheduling order setting an ENE, Rule 26f and other deadlines has been entered. *See* ECF No. 25.

23. The Court should note that Defendant has made no attempts whatsoever to settle this case so far.

24. Attorney Frampton repeatedly threatens Plaintiff with sanctions because Plaintiff has moved the Court to sanction him for his illegal and unlawful acts during this litigation.

25. Attorney Frampton believes that Plaintiff is not allowed to say anything about his criminal acts, or about his unprofessional acts. Attorney Frampton believes that Plaintiff has been ordered to remain silent when any attorney commits a criminal act or an otherwise unprofessional act. No judge or judicial officer can order a United States citizen to refrain from bringing criminal acts committed by attorneys to the attention of the court.

26. Attorney Frampton has refused to take any of Plaintiff's telephone calls.

27. Defendant's claim that Plaintiff is causing the delay or that Plaintiff is somehow at fault for Defendant's failure to obtain revivor is utterly false. Only the FTB can issue the revivor certificate. Plaintiff has zero influence over the FTB. "A corporation that forfeits its corporate powers may apply to the Franchise Tax Board for reinstatement after paying any tax, penalty, interest, or other amount owed. Rev. & Tax. Code, § 23305. If all obligations are satisfied, the Franchise Tax Board issues a "certificate of revivor." Id. "Upon the issuance of the certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but the reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture ...." Id. § 23305a" *Ferras v. Husqvarna Constr. Prods. N. Am.*, No. C

PLAINTIFF'S RESPONSE OPPOSING EX PARTE MOTION AND OPPOSING SUCESSIVE AND REPETATIVE REQUEST FOR STAY- 8

16-01081 SBA, 2016 U.S. Dist. LEXIS 85605, at *7-8 (N.D. Cal. June 30, 2016)

28. Defendant is not forfeited "by the Secretary of State" for failure to file a statement of information. Rather, Defendant is forfeited "by the Franchise Tax Board" for failure to file its tax returns and failure to pay its taxes, penalties and interest. Defendant's revivor originates with the FTB.

29. Courts that have granted a stay have done so for only a "brief" period of time. *Yellowstone Poky v. First Pocatello Assocs.*, No. 4:16-cv-00316-BLW, 2016 U.S. Dist. LEXIS 155310 (D. Idaho Nov. 7, 2016). "When a corporation's suspended status "comes to light during litigation, the normal practice is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement." *Cadle Co. v. World Wide Hosp. Furniture, Inc.*, 144 Cal. App. 4th 504, 512, 50 Cal. Rptr. 3d 480, 486 (2006). See also *United States v. 2.61 Acres of Land*, 791 F.2d 666 (9th Cir. 1985). Defendant's now 140 plus day delay of this case is per se unreasonable. "The normal practice is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement (by paying back taxes, interest and penalties) to defend itself in court. (See, e.g., *Schwartz v. Magyar House, Inc.* (1959) 168 Cal. App. 2d 182, 190 [335 P.2d 487]." *Timberline, Inc. v. Jaisinghani*, 54 Cal. App. 4th 1361, 1366, 64 Cal. Rptr. 2d 4, 6-7 (1997)

30. Plaintiff objects to the Court even ruling on Defendant's ex parte motion because the filing of said motion was a criminal act. Moreover, the Court already has a pending motion to stay. Importantly, the Declaration of Frampton is not properly prepared as it does not meet legal requirements and Frampton did not provide proper notice in the accepted manner and

22cv0215

did not meet and confer. Finally, no court is allowed to issue sanctions on an *ex parte* basis and dismissing this case would improper and unfair.

DATED: 9/21/22  /s/ Anton Ewing
Anton Ewing (not an attorney)
Plaintiff In Pro Se
Email: anton@antonewing.com

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have mailed and served, the Plaintiff's Opposition to Ex Parte Motion and had it served on Defendant as follows:

**Case No.** 22-cv-0215 JO BGS

**Declaration of Anton Ewing has been mailed to:**

by US Mail, postage pre-paid, first class to:

Premium Merchant Funding One, LLC
Zachary C. Frampton
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Registered CM/ECF users were served via CM/ECF to the email address they have on file.

The parties have agreed to service by email attachment in pdf format.

I swear under penalty of perjury that the above was served as stated.

Dated: September 21, 2022

/S/ *Anton Ewing*
Anton Ewing