HOLLAND & KNIGHT LLP
Abraham J. Colman (SBN 146933)
Zachary C. Frampton (SBN 303225)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: zac.frampton@hklaw.com

*Attorneys for Defendant*
*Premium Merchant Funding One, LLC*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 2.13.896.2400
Fax: 213.896.2450

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PREMIUM MERCHANT<br>FUNDING ONE, LLC,<br><br>　　　　　Defendant. | Case No.: 3:22-cv-00215-JO-DDL<br><br>**DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER TO DISMISS THE CASE, REQUIRE PLAINTIFF TO RELEASE DEFENDANT'S TRADE NAME, AND TO AWARD ATTORNEY'S FEES**<br><br>Date:　　　　April 19, 2023<br>Time:　　　　9:00 A.M.<br>Courtroom:　4C<br><br>**PER CHAMBERS: NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Complaint filed:  February 16, 2022<br><br>Hon. Judge Jinsook Ohta<br>Hon. Magistrate Judge David D. Leshner |

///

///

///

///

MOTION FOR ORDER TO DISMISS THE CASE

**NOTICE IS HEREBY GIVEN** that on April 19, 2023 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court located at 221 West Broadway San Diego, CA 92101, in Courtroom 4C, Defendant Premium Merchant Funding One, LLC ("PMF") will and hereby does move this Court an Order directing Plaintiff Anton A. Ewing ("Plaintiff") to release PMF's original trade name to PMF and imposing sanctions on Plaintiff, including terminating sanctions and an attorney's fee award, based on Plaintiff's repeated violations of Court orders.  Per the Honorable Judge Jinsook Ohta's chambers, there will be no oral argument unless requested by the Court.

As set forth below in the Memorandum of Points and Authorities, this Motion is made on the grounds that Plaintiff has ignored repeated court orders, both from this Court and previous courts.  He continues to engage in the obstructive and harassing conduct for which multiple courts have admonished and sanctioned him.  Plaintiff has proven that lesser sanctions do not dissuade him.  Terminating sanctions are therefore the only effective remedy.  Moreover, PMF seeks to recover its attorney's fees from Plaintiff for the unnecessary work Plaintiff's bad-faith litigation conduct has necessitated.  Finally, PMF seeks an order requiring Plaintiff's to return PMF's trade name in California.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the declaration of Zachary C. Frampton and attached exhibits, all papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

On January 18, 2023, Plaintiff emailed defense counsel and expressed his view that in this case, the Court's Chambers rules do not require a meet and confer prior to filing any motions because Plaintiff is a *pro se* litigant who is also not an attorney.  For that reason and because Plaintiff represented that he will record any phone calls between him and defense counsel despite defense counsel's objection, defense counsel emailed Plaintiff on January 20, 2023 and informed him that PMF would be filing this

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- i -
MOTION FOR ORDER TO DISMISS THE CASE

1   motion for sanctions and explained the basis for PMF's motion.  Plaintiff responded

2   and indicated that he intended to oppose this motion and also file his own motion for

3   sanctions against defense counsel (including, by re-filing his previous five motions that

4   this Court denied).

5

6       Dated: January 25, 2023          HOLLAND & KNIGHT LLP

7                                    By: /s/ *Zachary C. Frampton*

8                                        Abraham J. Colman
                                         Zachary C. Frampton
9

10                                   Attorneys for Defendant
                                     *Premium Merchant Funding One, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Holland & Knight LLP*
*400 South Hope Street, 8th Floor*
*Los Angeles, CA 90071*
*Tel: 213.896.2400*
*Fax: 213.896.2450*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 2.13.896.2400
Fax: 213.896.2450

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................. 3

  A.   Plaintiff Files The Complaint Along With An Order Admonishing Him For Unprofessional Conduct ......................................................... 3

  B.   Plaintiff Repeatedly Harasses Defense Counsel, Acts Unprofessionally, And Hurls False Accusations, All In Violation Of Orders By The Chief Judge And Judge Leshner ........................................................ 4

  C.   PMF Moves To Stay The Case Upon Learning Its Corporate Status In California Was Forfeited .................................................................. 8

  D.   Plaintiff Intentionally Thwarts Revivor By Creating At Least Eight Sham LLCs In PMF's Name Or Similar Names ..................................... 8

  E.   The Court Issues Orders From The Bench At The October 12, 2022 Hearing ...................................................................................... 10

  F.   PMF's Revivor Is Thwarted Yet Again ........................................ 11

  G.   In Response To The Court's Suggestion That Returning PMF's Name Would Be A Showing Of Good Faith, Plaintiff Offers To Give PMF's Name Back But Only In Return For Payment Of His Costs To Create The Sham LLC ............................................................................ 12

  H.   Plaintiff Is Apparently Prepared To Ignore This Court's Ruling On His Five Motions Because He Is Threatening To Re-File All Five Motions .. 12

III. LEGAL STANDARD ....................................................................... 13

IV.  ARGUMENT .................................................................................. 14

  A.   The Court Should Issue An Order Finding That Plaintiff Acted In Bad Faith When He Formed An LLC Using PMF's Trade Name And Requiring Plaintiff To Release PMF's Trade Name ........................... 14

  B.   Dismissal Is Warranted Under The Five-Factor Terminating Sanctions Test ........................................................................................... 17

  C.   The Court Should Enter A Fee Award Against Plaintiff For The Hours Of Unnecessary Work Plaintiff Has Necessitated ........................... 21

V.   CONCLUSION ................................................................................ 22

CERTIFICATE OF SERVICE .................................................................. 1

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Agnew v. Moody*,
 330 F.2d 868 (9th Cir. 1964) .......................................................... 13, 17

6

7

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991) ............................................................................... 13

8

*Ewing v. BF Advance LLC*,
 No. 20-CV-01748-BAS-WVG, 2021 WL 533513 (S.D. Cal. Feb. 12, 2021) ....................................................................................................20

9

10

*Ewing v. Golv, Inc.*,
 No. 21-CV-2141-CAB-MDD, 2021 WL 6197264 (S.D. Cal. Dec. 30, 2021) ............................................................................................... 19, 20

11

12

*Ewing v. K2 Prop. Dev., LLC*,
 No. 16CV0678-LAB (AGS), 2018 WL 4846649 (S.D. Cal. Oct. 4, 2018) ....................................................................................................21

13

14

15

*Ewing v. LeadExcel, Inc.*,
 No. 18CV2845-LAB (JLB), 2020 WL 2037111 (S.D. Cal. Apr. 27, 2020) ....................................................................................................21

16

17

*In re Itel Sec. Litig. v. Itel*,
 791 F.2d 672 (9th Cir. 1986) .................................................. 13, 15, 22

18

19

*La Jolla Spa MD, Inc. v. Avidas Pharms., LLC*,
 No. 17-CV-1124-MMA(WVG), 2019 WL 4141237 (S.D. Cal. Aug. 30, 2019) ............................................................................................... 13

20

21

22

*Leon v. IDX Sys. Corp.*,
 464 F.3d 951 (9th Cir. 2006) ............................................................... 13

23

24

*Link v. Wabash R. Co.*,
 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ................... 13, 17

25

26

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
 115 F.3d 644 (9th Cir. 1997) .......................................................... 13, 15

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION FOR ORDER TO DISMISS THE CASE

*Shakespeare v. Wilson*,
　　40 F.R.D. 500 (S.D. Cal. 1966) ........................................................... 14

*Yourish v. Cal. Amplifier*,
　　191 F.3d 983 (9th Cir. 1999) ............................................... 14, 17, 18

**Statutes**

California Government Code § 12181 ....................................................... 14

**Other Authorities**

https://www.courts.ca.gov/documents/vexlit.pdf ................................... 19

Local Rule 2.1 ............................................................................................. 3

Local Rule 83.4 ....................................................................................... 3, 4

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Defendant Premium Merchant Funding One, LLC ("PMF") respectfully

2  submits this Motion for an Order directing Plaintiff Anton A. Ewing ("Plaintiff") to

3  release PMF's trade name, dismissing this case, and awarding PMF its attorney's fees

4  incurred in connection with defending against Plaintiff's bad-faith litigation conduct.

5                    **I.   INTRODUCTION**

6    Since the inception of this case, Plaintiff has waged a campaign of harassment

7  against PMF and its counsel in direct violation of repeated court orders.

8    First, when Plaintiff filed his Complaint, he was required to attach an Order by

9  Chief District Court Judge Larry A. Burns admonishing Plaintiff for inappropriate

10  and unprofessional litigation conduct in a prior case and ordering him to act with

11  civility and professionalism.  The Court ordered Plaintiff to "refrain [including in

12  future cases such as the present case] from disparaging [opposing counsel's]

13  intelligence, ethics, or behavior, . . . making accusations for improper purposes (such

14  as to harass, delay, or embarrass) or making any accusation without first confirming

15  that it is accurate and supported by evidence."  Rather than heed these warnings,

16  Plaintiff filed five frivolous motions in this case **asking for the disbarment and**

17  **prosecution** of defense counsel, all of which this Court denied as baseless.  Plaintiff

18  falsely and without any factual substantiation accused defense counsel of the

19  unauthorized practice of law, perjury, moral turpitude, dishonesty, fraud, corruption,

20  violating counsel's duty of candor to the Court, and criminal conduct deserving of jail

21  time.  Plaintiff has repeatedly purported to place defense counsel under citizen's

22  arrest, threatened to hand defense counsel over to a law enforcement officials to

23  perfect the citizen's arrest, filed multiple (frivolous) bar complaints against defense

24  counsel, and suggested that "maybe" PMF has "bad legal counsel" in this case.

25    Plaintiff's incivility has gone beyond making false accusations for improper

26  purposes.  Plaintiff has quoted the Bible to defense counsel in an apparent effort to

27  mock his religious beliefs.  He called defense counsel excessively on numerous days,

28  but on one occasion he called defense counsel's work telephone line 69 times in a

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 1 -
MOTION FOR ORDER TO DISMISS THE CASE

span of 23 minutes despite knowing that defense counsel was in a Zoom meeting and that his continued calls were disruptive.

Second, at a hearing on October 2, 2022, Magistrate Judge Leshner described Plaintiff's behavior as "frankly, shocking" and ordered Plaintiff to cease all accusations of criminal conduct by defense counsel.  One week later, Plaintiff emailed defense counsel and the California State Bar disciplinary department and warned defense counsel that if he attended the upcoming motion hearing before Judge Ohta, he would be engaging in criminal conduct.  More recently, Plaintiff threatened to re-file all five of his motions to disbar and prosecute defense counsel in retaliation for this motion for sanctions.

Third, at the October 12, 2022 hearing before the Honorable Judge Jinsook Ohta, the Court ordered Plaintiff to cease all efforts to block PMF's revivor and encouraged Plaintiff to relinquish the LLC he created using PMF's trade name.  After the hearing, PMF changed its name yet again to complete the revivor process.  One week later, an LLC was created in PMF'S new name, which caused PMF's revivor application to be denied for a third time.  It would be very surprising to learn that Plaintiff had no involvement in creating this LLC given that he admits he created at least one sham LLC in PMF's name (and public filings indicate he created at least seven others using PMF's name or variations of PMF's name).  In response to the Court's encouraging Plaintiff to return PMF's trade name, Plaintiff agreed to relinquish the sham LLC **only if** PMF reimbursed him for the fees and costs he incurred to create it.

Also at the October 12, 2022 hearing, the Court denied Plaintiff's five motions to disbar and punish defense counsel upon a finding that defense counsel had engaged in no wrongdoing or any actions of a criminal or unethical nature.  Nonetheless, Plaintiff threatened that if PMF brought this Motion, Plaintiff would re-file his five motions to disbar, prosecute, and sanction defense counsel because the Court denied them "without prejudice."

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 2 -

No party or attorney should be subjected to this sort of abuse, much less in a judicial proceeding from a vexatious litigant who multiple courts have sanctioned and admonished in the past for this same behavior.  Plaintiff's flagrant disdain for this Court's rules and orders should not be ignored.  Because Plaintiff is undeterred by lesser sanctions, dismissal of this case is the only appropriate remedy.  In addition, because Plaintiff is still in possession of PMF's trade name, PMF seeks an order requiring Plaintiff to relinquish "Premium Merchant Funding, LLC" upon a finding that Plaintiff created this LLC in bad faith.  Finally, PMF seeks an order against Plaintiff to recover PMF's attorney's fees related to Plaintiff's frivolous filings and efforts to thwart the revivorship process in an amount to be later determined by this Court.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff Files The Complaint Along With An Order Admonishing Him For Unprofessional Conduct

On February 16, 2022, Plaintiff filed the Complaint in this action.  ECF No. 1. Along with the Complaint, Plaintiff was required by order of the Chief District Judge Larry A. Burns to file a notice to the Court that Plaintiff has been previously admonished for inappropriate and unprofessional litigation conduct.  ECF No. 1-3. In the Order, this Court found that "Plaintiff has repeatedly violated Civil Local Rule 83.4[1] (concerning civility and professionalism)."  *Id.*  In particular, Plaintiff has been "discourteous and unprofessional when communicating with opposing parties and counsel; he disparaged their intelligence, ethics, and behavior; and he acted in a manner detrimental to the proper functioning of the judicial system."  *Id.*

Among other requirements, the Court ordered Plaintiff to "be courteous and civil in all communications with opposing counsel, parties, and third parties and to refrain from disparaging their intelligence, ethics, or behavior, . . . making accusations for improper purposes (such as to harass, delay, or embarrass) or making

---

[1] Local Rule 2.1 now governs case participants' duties of professionalism

MOTION FOR ORDER TO DISMISS THE CASE

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  any accusation without first confirming that it is accurate and supported by

2  evidence." *Id.*

3  **B.    Plaintiff Repeatedly Harasses Defense Counsel, Acts Unprofessionally, And Hurls False Accusations, All In Violation Of Orders By The Chief Judge And Judge Leshner**

4

5  Throughout this litigation, Plaintiff has engaged in a relentless campaign of

6  baseless accusations, unprofessionalism, and harassment in violation of this Court's

7  Order admonishing Plaintiff as well as Orders from the bench by Judge Leshner.

8  This includes, but is not limited to, the following examples:

9  - Falsely and without substantiation accusing defense counsel of "either illegally

10   practicing law in New York" or "representing a client in California without a

11   valid written retainer agreement."  ECF No. 13, ¶ 16.

12  - Falsely and without substantiation accusing defense counsel of perjury.  ECF

13   No. 17-1.

14  - Falsely and without substantiation accusing defense counsel of filing an

15   Answer in this case while knowing that PMF was forfeited with the California

16   Franchise Tax Board (ECF No. 20, ¶ 9), despite defense counsel's testimony

17   under penalty of perjury that he had no such knowledge until after the Answer

18   was filed (ECF No. 12-1, ¶ 2).

19  - Falsely and without substantiation accusing defense counsel of "(1) moral

20   turpitude, (2) dishonesty, [and] (3) corruption."  ECF No. 20, ¶ 13.

21  - Falsely and without substantiation accusing defense counsel of "engaging in

22   the unauthorized practice of law."  ECF No. 24, ¶ 2.

23  - Falsely and without substantiation accusing defense counsel of "violat[ing]

24   [his] duty of candor to the Court by failing to inform the Court that [PMF] is

25   forfeited and thus prohibited from defending itself in a court of law in CA."

26   ECF No. 36-1, ¶ 4.

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 4 -
MOTION FOR ORDER TO DISMISS THE CASE

- Falsely and without substantiation accusing defense counsel of engaging in "a criminal act that carries jail time" by purportedly violating R&T § 19719.  ECF No. 24, ¶ 6.

- Falsely and without substantiation suggesting that PMF and its counsel in this case have created LLCs and fraudulently signed the respective articles of incorporation in Plaintiff's name.  ECF No. 38, ¶ 17.

- Seemingly mocking defense counsel's religious beliefs by observing that he is "a member of Christian Legal Aid's Board of Directors" (ECF No. 20, ¶ 2) while admonishing him in email correspondence to "Do unto others as you would have them do unto you.  This is the essence of the Law.  Matthew 7:12." (ECF No. 18-1, ¶ 5).

- Calling defense counsel on his work telephone line 69 times in a span of 23 minutes knowing that defense counsel was in a  Zoom meeting at the time and that his calls were disruptive.  ECF No. 12-1, ¶ 5.

- Claiming to place defense counsel under citizen's arrest, both in informal email correspondence (ECF No. 36-1, ¶ 6) and in filings with this Court (ECF Nos. 21, 39).

- Threatening that Plaintiff "need[s] to effectively 'hand [defense counsel] over' to a law enforcement official to perfect the citizens [sic] arrest."  ECF No. 36-1, ¶ 6, Ex. D.

- Filing multiple, frivolous bar complaints against defense counsel.  ECF No. 36-1, ¶ 6.

- Suggesting that "maybe" PMF has "bad legal counsel" in this case.  ECF No. 18-1, ¶ 2.

On October 3, 2022, the Parties attended a hearing before Judge Leshner.  At the hearing, Judge Leshner stated: "I will not tolerate in this case accusations of criminal conduct by another party.  Your purporting to make a citizen's arrest in an email to Mr. Frampton and to my chambers was unacceptable, Mr. Ewing. …

MOTION FOR ORDER TO DISMISS THE CASE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

[A]ccusations of criminal conduct by opposing counsel stop now." ECF No. 50 at 4-5. Despite these clear orders, Plaintiff emailed defense counsel one week later on October 10, 2022 and put him "on notice" that he would be engaging in criminal conduct if he attended the upcoming motion hearing before the Honorable Judge Jinsook Ohta. Frampton Decl., Ex. I. Plaintiff copied the California State Bar disciplinary department on this email accusing defense counsel of engaging in criminal conduct. *Id.*

Moreover, upon learning that Plaintiff records all of his phone calls with opposing counsel, Judge Leshner informed Plaintiff: "I will tell you this, Mr. Ewing. If you are preparing a joint plan, sir, it would be highly unusual for one party to insist on recording that as you're working on a joint plan." *Id.* at 24. Despite these comments, Plaintiff has continued to represent that he records all phone calls with defense counsel and refuses to speak over the phone unless the call is recorded. Frampton Decl. ¶ 17.

Meanwhile, Plaintiff filed five frivolous motions asking this Court to disbar defense counsel, hold him in contempt of court, refer him to the District's Standing Committee on Discipline, impose monetary sanctions on him, and refer him for criminal prosecution. ECF Nos. 10-1, 13, 17-1, 20, 24. According to Plaintiff, defense counsel was engaging in criminal activity by defending PMF in this case while PMF's corporate status was forfeited (while Plaintiff made every effort to ensure that PMF's corporate status *remained* forfeited). *Id.* These Motions and all of Plaintiff's other misconduct in this case necessitated hours of unnecessary work by defense counsel.

Despite Judge Leshner's admonitions, Plaintiff continued to engage in other inappropriate and harassing conduct. For example, attorney Abraham Colman, counsel for PMF, informed Judge Leshner at the hearing that his co-counsel, attorney Zachary Frampton, was unable to attend the hearing because he had an in-person status conference before Judge Carter in the United States District Court for the

- 6 -
MOTION FOR ORDER TO DISMISS THE CASE

1    Central District of California, Southern Division, located in Santa Ana, California.

2    ECF No. 50 at p. 1.  After the hearing, Plaintiff emailed the Courtroom Deputy in

3    attorney Frampton's case before Judge Carter "to make sure that what was asserted to

4    Judge Leshner [by Mr. Colman] was true and accurate."  Frampton Decl., Ex. K (at

5    the bottom of email chain).  In addition, Plaintiff emailed the Plaintiff's counsel in

6    attorney Frampton's case before Judge Carter (a case in which Plaintiff has no

7    involvement), asked him what happened at the hearing, and stated accusatorily: "I

8    find Mr. Colman's statement unbelievable."  *Id.* at Ex. L.

9        Moreover, Plaintiff repeatedly demanded that defense counsel meet and confer

10   with him by telephone regarding a purported motion he intended to bring while

11   refusing to provide any details regarding the motion.  Frampton Decl. ¶ 20.  Because

12   defense counsel refused to confer with Plaintiff without knowing the substance of the

13   motion, Plaintiff emailed three different secretaries at defense counsel's law firm,

14   without copying defense counsel on the emails, and asked (without counsel's

15   permission) that the secretaries unilaterally schedule a call with Plaintiff on defense

16   counsel's calendar.  *Id.*, Ex. M.  This is not the first time Plaintiff has directed

17   inappropriate communications to defense counsel's secretaries.  *Id.*, Ex. N ("So Mr.

18   Frampton is able to communicate with you but not with me?  I asked him for a meet

19   and confer date and time and he has not responded to me.  That is not nice.  I will

20   inform the Court.")

21       On top of that, when defense counsel informed Plaintiff that PMF intended to

22   file *this* motion for sanctions, Plaintiff responded by email on January 21, 2023 and

23   stated: "If you file a motion as set forth in your email below, rest assured that I will

24   be bring back onto calendar all the motions I filed as they are all 'without prejudice'

25   and that allows me to refile them."  Frampton Decl., Ex. J.  Plaintiff also demanded

26   yet again that PMF compensate him for the fees and costs he incurred to create the

27   sham LLC.  *Id.*

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 7 -

MOTION FOR ORDER TO DISMISS THE CASE

**C.   PMF Moves To Stay The Case Upon Learning Its Corporate Status In California Was Forfeited**

On May 2, 2022, PMF filed its Answer to the Complaint.  ECF No. 4.  One week later, on May 9, 2022, Plaintiff informed counsel for PMF by email that PMF's corporate status had been forfeited in California with the FTB.  ECF No. 12-1, ¶ 2.

Prior to this notification from Plaintiff, neither PMF nor its attorney had any knowledge that PMF's corporate status had been forfeited in California.  *Id.*  PMF is incorporated in New York.  ECF No. 12-2, ¶ 2.  After learning that PMF's corporate status had been forfeited, PMF promptly contacted the FTB in an effort to take all steps necessary to revive its corporate status in California.  *Id.* at ¶ 3.  As of July 25, 2022, staff for the Secretary of State informed PMF that it had satisfied the FTB's requirements for reviving its corporate status, and the only remaining issue was the matter of the trade name.  ECF No. 15 ¶ 7.

On June 24, 2022, PMF filed a Motion to Stay the case pending revivor of its corporate status.  ECF No. 12.

**D.   Plaintiff Intentionally Thwarts Revivor By Creating At Least Eight Sham LLCs In PMF's Name Or Similar Names**

After learning that PMF's corporate status was forfeited, Plaintiff engaged in elaborate efforts to obstruct PMF's revivor.  Specifically, Claimant repeatedly blocked revivor by organizing at least eight sham LLCs in PMF's names and variations of PMF's name.  Frampton Decl. ¶¶ 2-11; ECF No. 29 ¶¶ 4-7; ECF No. 36-3 ¶ 2-8.  Because Plaintiff seized these names, PMF's applications for revivor were denied three times from July to November 2022.  *Id*.  Plaintiff's pattern of obstructing the revivorship process *before* the October 22 Hearing was as follows:

- On May 9, 2022, PMF learned its corporate status had been forfeited in California with the FTB and immediately set about rectifying the issue. ECF No. 12-1, ¶ 2; 12-2 ¶ 3.

- 8 -

- On May 16, 2022, PMF submitted a Statement of Information, as required. ECF No. 29, Ex. B.

- On May 16, 2022, Articles of Organization for an LLC with the same name as PMF, Premium Merchant Funding One, LLC, were submitted with the organizer identified as "Anton Ewing" and listing Plaintiff's address.  ECF No. 15 ¶¶ 3-4.

- On July 25, 2022, the FTB denied PMF's application for revivor.  ECF No. 29 ¶ 6.  A Secretary of State representative attributed the denial to the fact that another entity had been organized with that same name (i.e., the LLC Anton Ewing created on May 16, 2022).  *Id.* ¶ 7.

- On August 24, 2022, PMF attempted to fix the trade name issue by dropping the "One" from its name and changing its name to "Premium Merchant Funding, LLC."  ECF No 36-3 ¶ 5; Ex. A.

- On August 24, 2022, Articles of Organization for an LLC with the same name as PMF's new name, "Premium Merchant Funding, LLC," were submitted with the organizer identified as "A. Ewing" and listing Plaintiff's address.  *Id.* ¶ 8.

- On September 14, 2022, the FTB again denied PMF's revivor because "A. Ewing" had created another "Premium Merchant Funding, LLC."  *Id.*

- On September 19, 2022, public records indicate that Plaintiff filed Articles of Organization for *three* more LLCs with names similar to PMF's name, including "Premium Merchant One, LLC," (Frampton Decl. ¶ 2, Ex. A), "Premium Merchant, LLC," (*Id.* at ¶ 3, Ex. B), and "Premium Funding One, LLC (*Id.* at ¶ 3, Ex. G).

- Also on September 19, 2022, apparently proud of his ability to thwart PMF's revivor, Plaintiff emailed defense counsel and stated, among other things, "You are just upset at being outsmarted intellectually.  Too bad for you." ECF No. 36-1, ¶ 5, Ex. C.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION FOR ORDER TO DISMISS THE CASE

- On September 22, 2022, public records indicate that Plaintiff filed Articles of Organization for *two additional* LLCs with names similar to PMF's name, including "Premium Merchant Loans, LLC," (Frampton Decl. ¶ 4, Ex. C) and "Premium One Funding" (*Id.* at ¶ 4, Ex. H).

- On October 7, 2022, a statement of information was submitted related to Plaintiff's LLC, Premium Merchant Funding One, LLC.  The Statement of Information substituted "C. Stark" for Plaintiff as the agent for the service of process for the LLC, but retained Plaintiff's address.  Frampton Decl. ¶ 5, Ex. D.

Prior to the October 12, 2022 hearing, public records indicate that Plaintiff created at least eight different LLCs in his efforts to block PMF's revivor.  All of this misconduct by Plaintiff caused PMF to incur additional attorney's fees on efforts to resolve the issues.

**E.     The Court Issues Orders From The Bench At The October 12, 2022 Hearing**

On October 12, 2022, the Parties appeared before the Honorable Judge Jinsook Ohta for a hearing on PMF's Motion to Stay and Plaintiff's five motions to sanction, disbar, and prosecute defense counsel (the "October 12 Hearing").  *See* ECF No. 61. At the hearing, the Court granted PMF's motion to stay and denied Plaintiff's motions.  ECF Nos. 53-57, 60-61.  As to Plaintiff's five motions, the Court noted: "I don't find any wrongdoing, any actions of a criminal or unethical nature.  The Court is going to deny all of your motions as moot for those reasons.  And when we come back from the stay, we are going to, kind of, start from a clean slate and behave very professionally and civilly and compassionately to one another.  And, certainly, everyone is going to treat this forum with due respect.  And that means not filing motions that are unnecessary."  ECF No. 51 at p. 15.

During the Hearing, the Court also reminded the Parties of the Court's expectation of civility going forward.  ECF No. 61, pp. 4-7.  In particular, the Court

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 10 -

MOTION FOR ORDER TO DISMISS THE CASE

addressed PMF's allegations that Plaintiff intentionally obstructed revivor by organizing sham LLCs in PMF's name and related names (*Id*. at pp. 10, 28-30):

> [F]rom this moment on, I fully expect that while Defendant attempts to reorganize itself, that you, Mr. Ewing, as a litigant in this case, are not going to take any actions that impede that effort. So -- and, again, not saying that that has happened in the past, I am saying that going forward here on out, you are not going to take any actions that impede that effort. Whether it involves -- there's been some concern by defendants -- and, again, I have no interest in whether this is true or not. But there is some concern from the Defendants that there may be some attempts by you to obtain names that they are seeking to use to reorganize themselves. Again, ***all that matters is that nothing like that happens going forward***.

*Id*. at p. 10 (emphasis added).

The Court also encouraged Plaintiff to return PMF's name if within his power to do so as a gesture of good faith:

> [S]hould you have access to one of the corporate names that Defendant has been seeking to reorganize around, I would certainly appreciate it -- and this Court would take it as a sign of your good-faith showing that you plan to engage in civil conduct in this litigation. If you were to clear up any misunderstanding and if you had it in your power to remove any roadblocks for them, if you were to volunteer that to them, I know that I would appreciate it. I am sure they would appreciate it.
>
> …
>
> But if you would -- if you have the ability to assist them and remove roadblocks for them, and if you would be willing to do so, I think it would certainly be much appreciated and would be a very nice, gentlemanly, good-faith showing.

*Id*. at pp. 28-29.

**F.   PMF's Revivor Is Thwarted Yet Again**

After the October 12 Hearing, PMF's revivor efforts were again thwarted by the creation of an LLC in PMF's new name:

- On November 1, 2022, PMF attempted to rectify the revivor issues by once again changing its name, this time to "FAE Financing, LLC." Frampton Decl. ¶ 6.

- On November 9, 2022, Articles of Organization for an LLC with a PMF's newest name, "FAE Financing, LLC," were submitted with an organizer

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

identified as Glenn Wilbor (Broker) who is located in San Diego, California.  Frampton Decl. ¶ 7, Ex. E.  Of the nine LLCs created in PMF's name or variations thereof, this is the only one that does not list Plaintiff's name or address.  *Id.*

- On November 9, 2022, PMF's revivor was denied by the FTB.  Frampton Decl. ¶ 8.

- On November 29, 2022, PMF attempted to rectify the revivor issues by once again changing its name, to "Premium Funding, LLC."  *Id*. ¶ 9**.**

PMF was able to complete its revivor with the name Premium Funding, LLC on November 30, 2022.  However, this was only with the assistance of an attorney at the Secretary of State's office who found a workaround to prevent Plaintiff from further thwarting the revivor process.  *Id*. ¶ 10.

**G.     In Response To The Court's Suggestion That Returning PMF's Name Would Be A Showing Of Good Faith, Plaintiff Offers To Give PMF's Name Back But Only In Return For Payment Of His Costs To Create The Sham LLC**

In a letter to defense counsel, dated November 28, 2022, Plaintiff offered to release PMF's trade name, but only in exchange for payment of the fees and costs he incurred to organize the sham LLC.  The letter states:

> I need to be compensated for the moneys I have spent on setting up the LLC.  Please let me know what your client intends to do about that.  I am again informing you that you can have the LLC but you need to reimburse me for all of my fees and costs directly associated with setting it up.  This is the only fair and reasonable way to transfer the LLC.

Frampton Decl. ¶ 11, Ex. F.  Of course, this was not a fair and reasonable request because Plaintiff never should have incurred any of these fees and costs, because his conduct violated this Court's orders, including those in the prior case.

**H.     Plaintiff Is Apparently Prepared To Ignore This Court's Ruling On His Five Motions Because He Is Threatening To Re-File All Five Motions**

When defense counsel informed Plaintiff that PMF intended to file *this* motion for sanctions, Plaintiff responded by email on January 21, 2023 and stated: "If you

- 12 -
MOTION FOR ORDER TO DISMISS THE CASE

file a motion as set forth in your email below, rest assured that I will be bring back onto calendar all the motions I filed as they are all 'without prejudice' and that allows me to refile them."  Frampton Decl., Ex. J.  This is despite the Court's finding that defense counsel had engaged in no wrongdoing or any actions of a criminal or unethical nature.  ECF No. 61 at p. 15.

### III.    LEGAL STANDARD

"Incivility is a scourge upon the once-venerable legal profession and has unfortunately become increasingly more rampant in the profession in recent years." *La Jolla Spa MD, Inc. v. Avidas Pharms., LLC*, No. 17-CV-1124-MMA(WVG), 2019 WL 4141237, at *1 (S.D. Cal. Aug. 30, 2019) (*citing Lasalle v. Vogel*, 36 Cal. App. 5th 127 (Cal. Ct. App. 2019) (lamenting the state of the modern legal profession and discussing its degradation through the years).  District courts have inherent power to impose sanctions for "conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

This Court has inherent powers to sanction Plaintiff's conduct upon a finding it "constituted or was tantamount to bad faith."  *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotations and citation omitted). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'"  *In re Itel Sec. Litig. v. Itel*, 791 F.2d 672 (9th Cir. 1986) (*quoting Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam)).

"The power of the court to dismiss [an] action for failure to obey [a court] order [is] clear."  *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) citing Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

MOTION FOR ORDER TO DISMISS THE CASE

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Where a plaintiff has "flagrantly disregarded" orders issued by the court, "the [c]ourt, under such circumstances, is not required to wait for motions of dismissal before dismissing the action with prejudice." *Shakespeare v. Wilson*, 40 F.R.D. 500, 506 (S.D. Cal. 1966).

In order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citations and quotations omitted). Dismissal will be upheld where at least four factors support dismissal, or where at least three factors strongly support dismissal. *Id*. (citations and quotations omitted).

## IV.    <u>ARGUMENT</u>

**A.    The Court Should Issue An Order Finding That Plaintiff Acted In Bad Faith When He Formed An LLC Using PMF's Trade Name And Requiring Plaintiff To Release PMF's Trade Name**

PMF respectfully requests that the Court issue an Order finding that Plaintiff acted in bad faith by forming an LLC in PMF's name and requiring Plaintiff to release PMF's trade name to PMF.

California Government Code § 12181 provides that the Secretary of State's office may refuse a filing "based on a reasonable belief" that the filing "is being requested for an unlawful, false, or fraudulent purpose, to promote or conduct an illegitimate object or purpose, or is being requested or submitted in bad faith or for the purpose of harassing or defrauding a person or entity." Gov't Code § 12181. The California Secretary of State's office has advised PMF that it can recover its trade name pursuant to a judicial finding that Plaintiff created this LLC "for an unlawful, false, or fraudulent purpose, to promote or conduct an illegitimate object or purpose, or is being requested or submitted in bad faith or for the purpose of harassing or defrauding a person or entity." Gov't Code § 12181; *see* Frampton Decl. ¶ 21.

1    Moreover, as set forth above, before awarding sanctions under its inherent

2    powers, the court must make an explicit finding that the conduct at issue "constituted

3    or was tantamount to bad faith."  *Primus*, 115 F.3d at 648 (internal quotations and

4    citation omitted).  For purposes of imposing sanctions under the inherent power of

5    the court, a finding of bad faith does not require that the legal and factual basis for the

6    action prove totally frivolous; where a litigant is substantially motivated by

7    vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar

8    the assessment of attorney's fees.  *In re Itel Sec. Litig.*, 791 F.2d at 672. (quotations

9    and citation omitted).

10    Here, there is no question that Plaintiff formed an LLC using PMF's trade

11    name in bad faith to thwart PMF's efforts to reorganize itself.  On May 16, 2022,

12    Articles of Organization for an LLC with the same name as PMF, "Premium

13    Merchant Funding One, LLC," were submitted with the organizer identified as

14    "Anton Ewing" and listing Plaintiff's address.  ECF No. 15 ¶¶ 3-4.  PMF's revivor

15    application was then denied.  ECF No. 29 ¶ 6.  A Secretary of State representative

16    attributed the denial to the fact that another entity had been organized with that same

17    name (i.e., the LLC Anton Ewing created on May 16, 2022).  *Id.* ¶ 7.

18    Moreover, Plaintiff admitted he created the LLC when he offered to return it in

19    exchange for reimbursement of his costs to create it.  In a letter to defense counsel,

20    dated November 29, 2022, Plaintiff stated: "I am again informing you that you can

21    have the LLC but you need to reimburse me for all of my fees and costs directly

22    associated with setting it up.  This is the only fair and reasonable way to transfer the

23    LLC."  Frampton Decl., Ex. H.

24    By creating sham LLCs, Plaintiff was able to block PMF's revivor three times

25    from July to November 2022.  Frampton Decl. ¶¶ 2-11; ECF No. 29 ¶¶ 4-7; ECF No.

26    36-3 ¶ 2-8.  In total, public records indicate that Plaintiff has created at least *nine*

27    sham LLCs in PMF's name or variations of its name.  *Id.*  There is no reasonable

28    alternative explanation for Plaintiff's actions other than bad faith efforts to harass

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 15 -

PMF and obstruct its revivor. For this reason alone, the Court should issue an order requiring that Plaintiff terminate "Premium Merchant Funding One, LLC" and return the name to PMF, its legitimate owner.

Moreover, Plaintiff's demand for reimbursement while holding the LLC as ransom also exhibits bad faith. At the October 12, 2022 hearing, this Court encouraged Plaintiff to turn the name over voluntarily while not making any factual findings as to whether Plaintiff formed this sham LLC or others:

> [S]hould you have access to one of the corporate names that [PMF] has been seeking to reorganize around, I would certainly appreciate it -- and this Court would take it as a sign of your good-faith showing that you plan to engage in civil conduct in this litigation. If you were . . . to volunteer that to them, I know that I would appreciate it. I am sure they would appreciate it.

Plaintiff refused to voluntarily return the name. Instead, he held it for ransom Plaintiff. His demand to be reimbursed for creating a sham LLC he should *not* have created in the first place further demonstrates bad faith.

It appears Plaintiff did not stop there. On November 1, 2022, to complete its revivor efforts, PMF changed its name yet again, this time to "FAE Financing, LLC." Frampton Decl. ¶ 6. Despite this name change, the SOS denied PMF's revivor application for a third time. This was because on November 9, 2022, Articles of Organization for an LLC with a PMF's newest name, "FAE Financing, LLC," were submitted with an organizer identified as "Glenn Wilbor Broker" who is located in San Diego, California. Frampton Decl. ¶ 7, Ex. E. Based on the history in this case, the public records, and Plaintiff's admission that he created at least one sham LLC, it is hard to fathom that someone other than Plaintiff was responsible for creating this LLC.[2]

---

[2] On January 23, 2023, after defense counsel informed Plaintiff that PMF would be filing this motion for sanctions, Plaintiff emailed defense counsel a purported signed declaration from Glenn Wilbor stating: "Anton Ewing did not ask me to set up FAE Financing, LLC." Frampton Decl. ¶ 8. It would be quite a coincidence if within one week after PMF changed its name to FAE Financing, Mr. Wilbor happened to register that very name with the California Secretary of State. It is even more unlikely considering that Mr. Ewing knows Mr. Wilbor or (at least) was able to obtain a signed declaration from him shortly after Plaintiff learned PMF would be

MOTION FOR ORDER TO DISMISS THE CASE

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

If Plaintiff had any involvement in the creation of FAE Financing, LLC, his actions are especially egregious in light of the circumstances. *First*, this Court graciously declined to make factual findings regarding Plaintiff's harassing and unprofessional behavior prior to the October 12, 2022 hearing. Instead, the Court offered Plaintiff the opportunity to "reset" and act civilly going forward. In response, Plaintiff scorned the Court's patience and restraint and defied an express order.

*Second*, the formation documents for "FAE Financing, LLC" clearly show that Plaintiff *knew* he was violating a Court order and tried to cover his tracks. Of the nine LLCs recently created in PMF's name or variations thereof, "FAE Financing" is the only one that does not list Plaintiff's name or address. *Id.*

For these reasons, PMF respectfully requests an Order finding that Plaintiff created this LLC in bad faith and for purposes of harassment and directing Plaintiff to release PMF's tradename based on this finding.

**B.   Dismissal Is Warranted Under The Five-Factor Terminating Sanctions Test**

PMF also respectfully requests that the Court exercise its inherent powers to dismiss this matter based on Plaintiff's repeated violations of court orders. Dismissal is warranted under the five-factor terminating sanctions test.

As set forth above, "[t]he power of the court to dismiss [an] action for failure to obey [a court] order [is] clear." *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) citing Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). In order for a court to dismiss a case as a sanction, it must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. Cal. Amplifier*, 191 F.3d 983,

---

filing this motion. But, even if there turns out to be an innocent explanation for this single event, Plaintiff's numerous other actions described in this motion warrant the relief requested.

MOTION FOR ORDER TO DISMISS THE CASE

990 (9th Cir. 1999) (citations and quotations omitted).  An order for terminating sanctions will be upheld where at least four factors support dismissal, or where at least three factors *strongly* support dismissal.  *Id*. (citations and quotations omitted).  Here, at least four of the factors weigh strongly in favor of dismissal.

*First*, the public's interest in expeditious resolution of litigation strongly supports dismissal.  Though Plaintiff filed this action almost one year ago, the case has not yet proceeded on the merits.  This is because Plaintiff has repeatedly obstructed PMF's revivor, flooded the Court with multiple frivolous motions, and wastefully opposed PMF's request for a stay, all of which violated the standing order Plaintiff was required to attach to his Complaint.  ECF No. 1-3.  Absent Plaintiff's obstruction of the revivor process, PMF would likely have effectuated revivor as early as July 25, 2022.  ECF No. 15 ¶ 7.  Instead, Plaintiff's bad-faith litigation conduct has forced defense counsel to spend 100+ hours in billable time responding to Plaintiff's motions, responding to Plaintiff's opposition to a stay, and assisting PMF with reorganizing itself over Plaintiff's many efforts to thwart this process (resulting in tens of thousands of dollars PMF has paid in attorney's fees).  What is more, the evidence demonstrates to a high degree of likelihood that even after the Court ordered Plaintiff to not obstruct PMF's revivor, Plaintiff defied this order and created another LLC, which blocked PMF's revivor for a third time.  *See generally supra* § II(D).  Plaintiff has repeatedly and intentionally prevented expeditious resolution of this matter despite repeated warnings by this and other courts.  The Court should therefore dismiss the case.

*Second*, dismissal will assist the court in managing its docket.  Here, Plaintiff has wasted months of the Court's and the parties' time with frivolous and harassing litigation conduct, all of which violated the Order he was required to attach to his pleadings in this case (ECF No. 1-3) as well as this Court's orders from the bench.  Plaintiff's antics have required, and will continue to require, a disproportionate and wasteful degree of judicial resources.  Plaintiff's misconduct in this case is also not a

MOTION FOR ORDER TO DISMISS THE CASE

one-off event.  Plaintiff has a well-documented history of draining judicial resources. The San Diego Superior Court has therefore declared him a vexatious litigant, resulting in additional requirements before Plaintiff can file suit in state court.  *Ewing v. Golv, Inc.*, No. 21-CV-2141-CAB-MDD, 2021 WL 6197264, at *2 (S.D. Cal. Dec. 30, 2021); *see also* https://www.courts.ca.gov/documents/vexlit.pdf (Vexatious Litigant List).  Nor is this a case of "bad blood" between the parties.  Plaintiff is the only litigant in this case who has engaged in misconduct.  It has been a one-way street.  Accordingly, the second factor weighs in favor of dismissal.

*Third*, absent dismissal, the risk of prejudice to PMF is great.  In Judge Leshner's words at the October 3, 2022 hearing, Plaintiff's behavior in this matter has been "frankly, shocking."  ECF No. 50 at 14, 22.  He has filed numerous baseless motions and pleadings, to which PMF has been forced to respond, resulting in 100+ hours of unnecessary work and tens of thousands of dollars PMF has paid in attorney's fees. Further, Plaintiff has shown that he will brazenly and repeatedly defy Court orders, which guarantees his abusive conduct will continue.  In addition to the prejudice PMF has suffered and will continue to suffer, Plaintiff has acted, frankly, abusive towards defense counsel.  He has hurled false accusations, made torrents of disruptive phone calls, threatened to place defense counsel under citizen's arrest, filed countless complaints to the State Bar, moved to have defense counsel prosecuted, mocked defense counsel's religious beliefs, threatened to hand defense counsel over to law enforcement, and more.  No person should have to endure this abuse, especially in a judicial forum from a vexatious litigant who has been repeatedly warned and sanctioned.  Because it is clear that PMF and its counsel have suffered and will continue to suffer prejudice, the third factor weighs in favor of dismissal.

*Fourth*, even the public policy favoring disposition of cases on their merits does not necessarily weigh against dismissal here.  It is true that terminating sanctions would result in the case being decided on grounds other than the merits. However, Plaintiff cannot honestly claim this is unfair or unwarranted.  Indeed,

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 19 -

Plaintiff himself has gone to great lengths in this case to avoid litigating on the merits and to win by default judgment. After Plaintiff filed this case and *purportedly* served PMF, he moved for default judgment. ECF No. 6. When that did not work, he filed a motion to strike PMF's Answer, enter default against PMF, and disbar defense counsel, all based on PMF's forfeited status. ECF No. 10. When defense counsel sought a stay of the action while PMF attempted to reorganize itself, Plaintiff opposed the stay and filed four additional motions seeking to punish defense counsel for not withdrawing from the case. All of this was part of Plaintiff's scheme to win by default. For these reasons, Plaintiff has no legitimate complaint if his claims are not decided on the merits.

*Fifth*, dismissal is appropriate because no less drastic alternatives will be effective. Plaintiff has a well-documented history of abusive behavior, vexatious litigation, and interference with the judicial process. "[A] review of filings in this district reveals that Plaintiff has filed dozens of cases here. Judges here also have noted that Plaintiff has been declared a vexatious litigant by the San Diego Superior Court, resulting in additional requirements before Plaintiff can file suit in state court." *Ewing*, No. 21-CV-2141-CAB-MDD, 2021 WL 6197264, at *2; *Ewing v. BF Advance LLC*, No. 20-CV-01748-BAS-WVG, 2021 WL 533513, at *1 (S.D. Cal. Feb. 12, 2021) (noting that "the San Diego Superior Court ordered that any future filings by Mr. Ewing in state court require leave of the presiding judge who will only allow the case to proceed if it appears the litigation has merit and has not been filed for the purposes of harassment or delay.").

As another Court in the Southern District explained:

> Although he is proceeding pro se, Ewing is not the typical pro se litigant. He is a law school graduate, well acquainted with the law, and a frequent plaintiff in this Court. He is well acquainted with the rules he violated on this occasion, having previously been ordered to read them and obey them. He has been repeatedly admonished and rebuked by different judges. His improper and abusive filings have been repeatedly stricken, in part or in whole. He has had his electronic filing privileges revoked to prevent further abuse, and has been forbidden to block opposing counsel's emails.

- 20 -

MOTION FOR ORDER TO DISMISS THE CASE

> He has been rebuked for disobeying Court orders, violating civility requirements by harassing and baselessly insulting his opponents, attempting to mislead the Court, and engaging in misrepresentations calculated to push non-lawyers into agreeing to a quick settlement.  In case 18cv1455, *Ewing v. Oasis Media*, he was ordered to appear personally and show cause why he should not be sanctioned or held in contempt.  On the strength of his counsel's representations and Ewing's own promises to refrain from misbehavior, the Court did not impose monetary sanctions or hold him in criminal contempt, though it did impose filing requirements for 36 months.
>
> On the basis of the record, including Ewing's Response, it is clear to the Court that he knowingly and willfully violated the Court's order staying the case, and acted in bad faith.  The Response's disingenuous excuses and baseless accusations only confirm this.

*Ewing v. LeadExcel, Inc.*, No. 18CV2845-LAB (JLB), 2020 WL 2037111, at *2–3 (S.D. Cal. Apr. 27, 2020).

Even monetary sanctions have not deterred Plaintiff.  *Id.* (awarding monetary sanctions of $1,000.00); *see also Ewing v. K2 Prop. Dev., LLC*, No. 16CV0678-LAB (AGS), 2018 WL 4846649, at *3 (S.D. Cal. Oct. 4, 2018) (awarding monetary sanctions of $2,214.00).

Plaintiff has proven again and again, both in this case and in previous cases, that he is undeterred by warnings, monetary sanctions, or admonishment by the Court.  There is no reason to believe that an alternative less drastic than dismissal will work here.  For that reason, the final factor of the five-factor terminating sanctions test weighs heavily in favor of dismissal.

Because at least four factors weigh heavily in favor of dismissal, terminating sanctions are warranted here.

## C.   The Court Should Enter A Fee Award Against Plaintiff For The Hours Of Unnecessary Work Plaintiff Has Necessitated

In addition to terminating sanctions, PMF is entitled to recover its attorney's fees from Plaintiff.  Where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of even a colorable claim will not bar the

MOTION FOR ORDER TO DISMISS THE CASE

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    assessment of attorney's fees.  *In re Itel Sec. Litig.*, 791 F.2d at 672. (quotations and

2    citation omitted).

3        Here, PMF has incurred tens of thousands of dollars in attorney's fees as a

4    result of Plaintiff's frivolous motions and repeated efforts to thwart the revivor

5    process.  There is no question that Plaintiff acted in bad faith in an effort to win by

6    default and/or to harass PMF into a favorable settlement.  At the very least, Plaintiff

7    should pay for the time that he has wasted.  PMF requests that the Court enter an

8    award against Plaintiff and in favor of PMF for the defense fees it has incurred

9    related to Plaintiff's bad-faith litigation conduct, including the cost of this motion, in

10    an amount to be later determined by the Court.

11                    **V.    CONCLUSION**

12        For these reasons, Defendant Premium Merchant Funding One, LLC ("PMF")

13    respectfully requests that the Court issue an Order: (1) dismissing all Plaintiff's

14    claims with prejudice as a sanction, but retaining jurisdiction over this case to oversee

15    compliance by Plaintiff with other sanctions; (2) directing Plaintiff to promptly take

16    all action required to release PMF's original trade name to PMF; and (3) awarding to

17    PMF attorney's fees and costs in an amount to be later determined by the Court that

18    PMF has incurred related to Plaintiff's bad-faith litigation conduct described in this

19    motion.

20

21    Dated:   January 25, 2023            HOLLAND & KNIGHT LLP

22                            By:/s/*Zachary C. Frampton*

23                                Zachary C. Frampton

24                            Attorneys for Defendant
                            *Premium Merchant Funding One, LLC*

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 22 -

MOTION FOR ORDER TO DISMISS THE CASE

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, CA  90071.

On January 25, 2023, I served the foregoing document described as:

**DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER TO DISMISS THE CASE, REQUIRE PLAINTIFF TO RELEASE DEFENDANT'S TRADE NAME, AND TO AWARD ATTORNEY'S FEES** on all interested parties in this action

Anton A. Ewing
3077 B Clairmont Drive #372
San Diego, CA 92117
Anton@antonewing.com

**[ X ]**   **(BY ELECTRONIC SERVICE)** On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

**[ X ]**   **(FEDERAL)**   I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Executed on **January 25, 2023**, at Los Angeles, California.

_____
Rosanna Perez