1  Anton Ewing (Not an Attorney)
2  3077 Clairemont Dr. #372,
   San Diego, CA 92117
3  (619) 719-9640

4  Plaintiff in pro se



5

6

7

8  **THE UNITED STATES FEDERAL DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10 **Anton Ewing**, an individual,                Civil Case No. 22-cv-0215 JO- DDL

11              Plaintiff,                        **PLAINTIFF'S RESPONSE TO**
                                                  **DEFENDANT'S EX PARTE**
12       vs.                                      **MOTION TO STAY DISCOVERY**

13 **Premium Merchant Funding One,**
14 **LLC**                                        Hearing: unknown
                                                  Time: unknown
15              Defendant.                        Courtroom:

16                                                *The Honorable Judge Leshner*

17                                                No Oral Argument unless Ordered

18   1. Plaintiff is shocked and appalled by attorney Zachary Frampton's blatant

19      violation of the Honorable Judge Leshner's chamber rules, violation of
20
21      Judge Leshner's 10/3/2022 orders put on the record, and violation of Judge

22      Ohta's orders put on the record on 10/12/2022.

23   2. Both sides were ordered to stop the prolix and be professional.  Plaintiff
24
25      complied.  Mr. Frampton did not.


PLAINTIFF'S RESPONSES TO DEFENDANT'S EX PARTE MOTION TO STAY DISCOVERY- 1

3. On January 18, 2023, Judge Ohta very clearly asked both sides if there was any reason to not lift the stay.  Now Defendant is asking for an **emergency**[1] stay just days later.  Mr. Frampton should have objected instead of confirmed to Judge Ohta when asked about lifting the stay.  He should not be allowed to whip-saw judges like this.  In addition to Mr. Frampton's blatant violation of this Court's order to be civil, this non-emergency motion is an incredible waste of judicial resources.

4. The docket entry at ECF No. 46 states: "*A Status Conference was held on 10/3/2022. The Court discussed its expectations and received assurances from all parties and counsel in attendance that they will proceed in this matter in a courteous, civil and professional manner.*"

5. On January 18, 2023, at the hearing to lift the stay, Mr. Frampton immediately began violating this order to "proceed in this matter in a courteous, civil and professional manner" by wrongly accusing Plaintiff of trying to "extort" Defendant and by stating the Plaintiff had engaged in fraudulent activity by setting up an LLC called FAE Financing, LLC to thwart Defendant's attempt at revivor with the Secretary of State.

---

[1] Mr. Frampton created the alleged emergency and thus he has no right to file *ex parte*, especially given his failure to meet and confer which is mandated by chamber rule of the magistrate.

6. Both of those accusations were not only untrue but they directly violated Judge Leshner's clear order to be "courteous, civil and professional."

7. A transcript of the hearing held by Judge Ohta on 1/18/2023 has been ordered and a request for judicial notice of Mr. Frampton's exact offensive words will be provided to the Court as soon as the court-reporter has transcribed the hearing.

8. ECF Nos. 53, 55 and 56 are all minute orders by Judge Ohta, dismissing as moot[2], Plaintiff's five separate motions filed as ECF Nos. 10, 13, 17, 20 and 24. Judge Ohta, like Judge Leshner, ordered that there is going to be a complete "**reset**" in this matter. *See* PageID.434 "*I expect you and I expect Mr. Frampton to conduct themselves appropriately.*" … "*But whatever started this stops immediately.*" Mr. Frampton, and only Mr. Frampton, failed to follow those two orders by engaging in discourteous, uncivil and unprofessional behavior by alleging that Plaintiff has engaged in extortion regarding reimbursement of the $5 filing fee, and fraudulent activity by setting up FAE Financing, LLC to thwart revivor, and by making numerous disparaging remarks in his *ex parte* motion filed as ECF No. 65.

9. Mr. Frampton failed to meet and confer with Plaintiff prior to filing the *ex parte* motion at ECF No. 65. *See* PageID.435 "*…conducted appropriately*

---

[2] And "without prejudice"

*and professionally with appropriate meeting and conferring.*"  *See also* Hon. Leshner Chamber Rules at III.A. "*Before bringing **any** matter to the Court for resolution, lead counsel (or attorneys with full authority to make decisions on the matter in dispute) must promptly meet and confer.*" (emphasis in original)

10. This matter could have been resolved with a goodfaith meet and confer. The Honorable Magistrate Judge Leshner needs to actually enforce his own direct order and his own crystal-clear chamber rules.  Failure to do so would send the wrong message to this defense counsel and to all future defense attorneys.

11. Plaintiff did not instruct, ask, inform or request Glenn Wilbor to set up FAE Financing, LLC.  *See* Declaration of Glenn Wilbor. Mr. Wilbor is a licensed loan broker and his business, for decades, has been financing and mortgage loans.  It is what he does and he, apparently, has several corporations with initials and financial terminology.   According the Glenn Wilbor, he has never received a call, letter or email from Mr. Frampton.  That means that Mr. Frampton's outrageous accusations toward Plaintiff are entirely without a factual basis (and of course Mr. Frampton is actually wrong).

12. Mr. Frampton falsely accused Plaintiff of setting up FAE Financing, LLC without any evidence.  His only claim is that Glenn Wilbor lives in San

Diego.  Millions of people live in San Diego.  Mr. Frampton's accusation is without merit, without grounds and done entirely to harass Plaintiff.   More importantly, his accusation is and was prohibited by order of this Court and by order of the District Judge.  Violating a clear order, given while present in court, is grounds for and subject to contempt.  The Court should, *sua sponte*, set an OSC re contempt[3] for Mr. Frampton.

13. Judge Leshner, at PageID.448, ordered opposing counsel to meet with Plaintiff after the 10/3/2022 hearing by stating "*This is a great time for you to reset with Mr. Coleman and speak to him after court about this*."  Defense counsel literally ran out of the courtroom to the elevator so that Plaintiff could not meet and confer with him.  Since then, defense counsel has refused every request to meet and confer.  This is another violation of this Court's direct orders.

14. Plaintiff sent Mr. Frampton 9 letters, attached hereto as Exhibits A – I, informing him and his client that the California LLC entitled "Premium Merchant Funding One, LLC" was ready and available for transfer[4].  Mr.

---

[3] Plaintiff has asked Mr. Frampton to meet and confer regarding a proposed contempt motion and Mr. Frampton is refusing to respond.

[4] Governor Newsom has waived the $70 filing fee for all LLC's formed in California until June 30, 2023.  Senate Bill 154.

PLAINTIFF'S RESPONSES TO DEFENDANT'S EX PARTE MOTION TO STAY DISCOVERY- 5

22cv0215

Frampton never responded to any of Plaintiff's communications.  That is and
was a reprehensible failure to respond by Mr. Frampton and it directly
violated this Court's order to be civil and professional.  *See also* Local Rule
2.1.

15. At PageID.456, the Honorable Judge Leshner stated on the record: "...*I am
confident that with the reset that we are engaging on effective
immediately*..."

16. Mr. Frampton does not want to litigate the merits of this now THIRD
lawsuit for telemarketing against his client.

17. At PageId.494, the Honorable Judge Ohta stated on the record: "...*I expect
you both to behave like gentlemen and to behave like there is a judge
watching at every single conversation that happens between the two of you.*"

18. At the very next hearing with Judge Ohta, Mr. Frampton literally began his
statement by accusing Plaintiff of extortion and fraud without any basis
therefor and without any justification.  *See attached* Exhibits A – I and
Declaration of Glenn Wilbor.  This violated both judge's orders and it
violated Civil Local Rule 2.1.

19. Mr. Frampton failed to inform the Court of all of Plaintiff's letters
informing him that the LLC was available and ready as requested by Judge
Ohta.   See Exhibits A-I.  Mr. Frampton also failed to disclose the pending

PLAINTIFF'S RESPONSES TO DEFENDANT'S EX PARTE MOTION TO STAY DISCOVERY- 6

Superior Court lawsuit for the state law violations that is now in the discovery phase[5].  *See* 37-2022-0042705-CU-CO-CTL.

20. Mr. Frampton was sent a signed copy of the Declaration of Glenn Wilbor prior to his filing of the *ex parte* motion to stay at ECF No. 65 (email sent 1/23/2023 at 1:44 PM vs. ex parte filed 1/27/2023).  Mr. Frampton failed to provide the Court a copy of that declaration.  Defendant does not want the Court to know that Mr. Frampton's false accusations are entirely devoid of merit and contrary to the evidence.  Even after Mr. Frampton was put on express written notice of Glenn Wilbor's, he failed to conduct research and did not investigate the facts.  To this day, Mr. Frampton has not called, emailed or communicated in any manner with Glenn Wilbor.  Rule 11(b) requires due diligence ("an inquiry reasonable under the circumstances").  Given that Glenn Wilbor's declaration was signed under penalty of perjury, a reasonable inquiry would have been any inquiry whatsoever.

21. In the past 8 years and over 80 cases, Plaintiff has been up against many attorneys.  Not one of them has acted so blatantly unprofessional and with such disregard for direct orders from the bench as Mr. Frampton.

---

[5] Defendant has been serviced with written discovery in the Superior Court matter which concerns breach of contract matters pertaining to the telemarketing calls made in this case at bar.

PLAINTIFF'S RESPONSES TO DEFENDANT'S EX PARTE MOTION TO STAY DISCOVERY- 7

22. Attached hereto is a declaration from Michael Bernstein, assistant general counsel of Premium Merchant Funding One, LLC and he stated, under penalty of perjury, the following regarding the conduct of Plaintiff Ewing during the prior litigation in this court: "Mr. Ewing was cordial, polite, and behaved professionally…." This is statement made by Defendant's own in-house counsel and he signed it as an attorney and under oath.

23. If Mr. Frampton had responded to any one of the 9 letters, there would have been a simple and smooth transfer of the LLC (Premium Merchant Funding One, LLC") and thus no need to attempt to set up "FAE Financing, LLC." Mr. Frampton created the problem.

24. In the prior two settlement agreements between the parties, Defendant agreed, promised and stipulated that they would never, under any circumstance, be entitled to recover any attorney fees. *See* paragraph 3B. Now, in direct violation of that agreement, Defendant moves the court for an award of attorney fees. That is yet another breach of the written, signed agreement.

25. Mr. Frampton is an attorney at law. He is required by the State Bar rules of ethics to engage in sufficient learning and study to render his practice of law competent in the area he choses to practice. Mr. Frampton should have known that all that it took was a simple, very simple, $5 name reservation, to

hold a name.  Mr. Frampton failed to become competent in corporate law and now he blames his incompetence on Plaintiff.  If Mr. Frampton had reserved **any** name, from May 2022 to November 2022, the revivor of Defendant in California would have been easy, simple, quick and smooth. Mr. Frampton caused and then exacerbated the failure here.  *See* State Bar Rule 1.1 on competence.

26. Prior to accusing Plaintiff of fraud, Mr. Frampton had an absolute duty to investigate.  His failure is evidenced by his refusal to contact Glenn Wilbor.

27. Prior to accusing Plaintiff of extortion, Mr. Frampton had an absolute duty to investigate the costs of setting up a new LLC.  His failure is evidenced by the fact that a new LLC setup, in California, is only $10 and a name reservation with the Secretary of State is only $10.  Spending either $10 would have resulted in immediate revivor with the Secretary of State.

28. For a mere $10 or a simple 60 second phone call to Glenn Wilbor would have prevented any of his violations of direct court orders from both Judge Leshner and Judge Ohta.

29. The most shocking of all that has occurred since January 18, 2023, is that Defendant is in fact revived and in good standing and the stay is lifted, yet Mr. Frampton cannot seem to move forward.  There is no reason to bring up the past, as both judges in this case have ordered "resets" and denied all five

of Plaintiff's motions for sanctions.  If the Court wishes to proceed with the five motions to disbar and sanction Mr. Frampton, then the Court should make that clear by granting Defendant's *ex parte* and making a finding, based on zero cognizable evidence, that Plaintiff has committed extortion and fraud.  Plaintiff has at all times since the hearing with the Honorable Judge Leshner remained ready to proceed in a civil and professional manner with this case.  It takes two to tango and without a clear order directed at Mr. Frampton that resolves his contempt of this Court, there will be no resolution of the unprofessionalism exhibited by Mr. Frampton.

30. The Court should be rightly angry with what Mr. Frampton has done here. Frankly, it is much more serious than explained above.  Mr. Frampton cannot be allowed to get away with making false accusations about Plaintiff with zero evidence to back it up.  The Court should exercise the power that it has and enforce the orders and the rules that it has published.

Dated: 01/30/2023_____        /s/ ___Anton Ewing
                                 Anton Ewing (not an attorney)
                                 Plaintiff in *Pro Se*

22cv0215

**PROOF OF SERVICE**

I, Anton Ewing, am over 18, a pro per plaintiff in this matter.  I have mailed and served, the Plaintiff's Response to Defendant's Ex Parte Motion to Stay Discovery and had it served on Defendant as follows:

**Case No.** 22-cv-0215 JO DDL

**Declaration of Anton Ewing has been mailed to:**

by US Mail, postage pre-paid, first class to:

Premium Merchant Funding One, LLC
Zachary C. Frampton
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Registered CM/ECF users were served via CM/ECF to the email address they have on file.

The parties have agreed to service by email attachment in pdf format.

I swear under penalty of perjury that the above was served as stated.

Dated:  January 30, 2023

/S/ *Anton Ewing*
Anton Ewing

22cv0215

# EXHIBIT 'A'

October 17, 2022

Anton A. Ewing
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640


Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

      RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

      The case is stayed.  Therefore, since you refuse to communicate with me via telephone or US Mail, I have blocked your email domain.  This means that while the case is stayed, you and your entire firm cannot, may not and will not be able to harass me with emails.  I think that is a great way to start with a clean slate just like the Judge said.  You have the ability to call.  You have the ability to zoom.  You have the ability to write letters.  I do not understand why you refuse to exercise all of these other methods of communication.

      If you want the above name, please make a goodfaith offer.  I put in time, effort and money.  That is not free.  I am, just like the Judge hinted, happy to hand over the name, but, like the Judge did not say either way, it won't be for free.

      So, discuss with your client what would be fair and reasonable and let me know, in writing via US Mail or set a date and time for a telephone or zoom conference, which will be recorded to protect myself from false accusations.

      Thank you for your time and consideration.

Regards,

Anton A. Ewing

# EXHIBIT 'B'

October 18, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

      RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

      I contacted both the FTB and the SOS today. I was informed that it would actually take **longer** for your client to obtain the rights to the CA LLC of the same name from me, than it would be to simply change the name, which you clearly now know how to do, and apply for reinstatement under the new name.

      I think it would be best if you take the quicker route here as your further delay is prejudicing my case.

      I will inform the Court, when appropriate, of my conversation with the FTB and the Secretary of State. Please stop your harassing and threatening emails to me about this. I will remain open and agreeable to transferring the new entity, but, like I mentioned in my letter, it is not for free. I incurred time and costs and I will be reimbursed for that. You are required to act professionally in this matter now. Trying to extort the new LLC from me with threats and for zero cost is not professional in my opinion.

      Thank you for your time and consideration.

Regards,

Anton A. Ewing
(not an attorney)

# EXHIBIT 'C'

October 19, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

      RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

    Please send me a written proposal for the transfer of the above stated California entity to your client.  I want to review your offer and the terms and conditions of your demand.

    Notwithstanding the above, please note that it will be much faster to simply change the name of your client's entity and apply for revivor.  I personally believe that your client should not longer do business in California and that they should stop harassing California citizens with their non-stop telemarketing calls that violate the TCPA.

    As of today's date, I have not received any written communications from you and you have not called my phone (which would be recorded).  Your email address is blocked while the case is stayed.

    Thank you for your time and consideration.  Please note that I am not an attorney and I cannot practice law in any state, including California.  As you are well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

# EXHIBIT 'D'

October 20, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

   RE: Premium Merchant Funding One, LLC

Dear Mr. Frampton:

  I have not heard from you via telephone, zoom or letter mailed via US Mail.
Please send me a written proposal for the transfer of the above stated California
entity to your client.  I want to review your offer and the terms and conditions of
your demand.

  As of the above stated date, I have not received any written communications
from you and you have not called my phone (which would be recorded).  Your
email address is blocked while the case is stayed.  I hope you can understand why
that is necessary.

  Thank you for your time and consideration.  Please note that I am not an
attorney and I cannot practice law in any state, including California.  As you are
well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

# EXHIBIT 'E'

October 31, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

      RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

     I have written you several letters.  Normally an opponent, pursuant to Local Rule 2.1, would respond just to be civil.  I have not heard from you via telephone, zoom or letter mailed via US Mail.  Please send me a written proposal for the transfer of the above stated California entity to your client.  I want to review your offer and the terms and conditions of your demand.  I stand ready, willing and able to transfer the entity as requested by Judge Otha, who did not order me to give it to you for free.

     As of the above stated date, I have not received any written communications from you and you have not called my phone (which would be recorded).  Your email address is blocked while the case is stayed.  I hope you can understand why that is necessary.  Judge Otha has also ordered you to not file any documents while the case is stayed.

     Thank you for your time and consideration.  Please note that I am not an attorney and I cannot practice law in any state, including California.  As you are well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

# EXHIBIT 'F'

November 2, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

     RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

     I do not understand why you are failing to communicate with me.  The Judge is not going to be happy with your behavior.  You promised the Judge you would act professionally.  I have written you many letters.  Normally an opponent, pursuant to Local Rule 2.1, would respond just to be civil.  I have not heard from you via telephone, zoom or letter mailed via US Mail.  Please send me a written proposal for the transfer of the above stated California entity to your client.  I want to review your offer and the terms and conditions of your demand.  I stand ready, willing and able to transfer the entity as requested by Judge Otha, who did not order me to give it to you for free.

     As of the above stated date, I have not received any written communications from you and you have not called my phone (which would be recorded).  Your email address is blocked while the case is stayed.  I hope you can understand why that is necessary.  Judge Otha has also ordered you to not file any documents while the case is stayed.

     Thank you for your time and consideration.  Please note that I am not an attorney and I cannot practice law in any state, including California.  As you are well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

# EXHIBIT 'G'

November 3, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

   RE: Premium Merchant Funding One, LLC

Dear Mr. Frampton:

  If you want to make Judge Ohta please with you, then you might seriously consider, and advise your client, to make a legitimate offer to me to settle this case.

  I checked my mail today and still nothing in writing from you. I do not understand why you are failing to communicate with me. The Judge is not going to be happy with your behavior. You promised the Judge you would act professionally. I have written you many letters. If your client does not want to settle, then please send me a written proposal for the transfer of the above stated California entity to your client. I want to review your offer and the terms and conditions of your demand. I stand ready, willing and able to transfer the entity as requested by Judge Otha, who did not order me to give it to you for free.

  Thank you for your time and consideration. Please note that I am not an attorney and I cannot practice law in any state, including California. As you are well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

EXHIBIT 'H'

November 18, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

      RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

     I have written you several letters and you have failed to respond to any of them. This violates Local Rule 2.1. I will be information Judge Ohta about each letter and your failure to respond.

     I am again informing you that you can have the LLC but you need to reimburse me for all of my fees and costs directly associated with setting it up. This is the only fair and reasonable way to transfer the LLC.

     Judge Ohta was very clear about the "reset" in this matter and you agreed, on the record, to be polite and professional and to obey and follow Local Rule 2.1. I trust that this letter will give you the proper notice to comply with your promise to the District Judge.

     Thank you for your time and consideration. Please note that I am not an attorney and I cannot practice law in any state, including California. As you are well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

EXHIBIT 'I'

November 28, 2022

Anton A. Ewing (not an attorney)
3077 Clairemont Drive, Suite 372
San Diego, CA 92117
619-719-9640

Zachary C. Frampton, Esq.
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

      RE:   Premium Merchant Funding One, LLC

Dear Mr. Frampton:

      Please let me know what I need to do to turn over the LLC to your client so that we can litigate the merits of this case, in the manner that Judge Ohta has stated.

      I need to be compensated for the moneys I have spent on setting up the LLC. Please let me know what your client intends to do about that.

      I am again informing you that you can have the LLC but you need to reimburse me for all of my fees and costs directly associated with setting it up. This is the only fair and reasonable way to transfer the LLC.

      Judge Ohta was very clear about the "reset" in this matter and you agreed, on the record, to be polite and professional and to obey and follow Local Rule 2.1. I trust that this letter will give you the proper notice to comply with your promise to the District Judge.

      Thank you for your time and consideration.  Please note that I am not an attorney and I cannot practice law in any state, including California.  As you are well aware, I am not a member of the California State Bar.

Regards,

Anton A. Ewing
(not an attorney)

# EXHIBIT 'J'

EXHIBIT A
CONFIDENTIAL – SUBJECT TO SETTLEMENT AGREEMENT


## DECLARATION OF MICHAEL BERNSTEIN


I, Michael Bernstein, hereby declare and state:


1.      I am Assistant General Counsel of Premium Merchant Funding One, LLC. ("Premium Merchant Funding"). I am over the age of eighteen and provide this declaration in connection with the settlement in the matter of *Anton Ewing v. Premium Merchant Funding One, LLC, et al.*, Case No. 20-CV-1965-AJB-AGS (the "Ewing Action"). Pursuant to the parties' settlement, this declaration may be submitted by Anton Ewing to Chief Judge Larry Alan Burns only, in connection with a future legal proceeding before Chief Judge Larry Alan Burns. This declaration may not be used, relied upon, or submitted by Anton Ewing for any other purpose.

2.      On December 15, 2020, via Zoom videoconference, I personally attended the Early Neutral Evaluation conference (the "Conference") on behalf of Premium Merchant Funding in the Ewing Action.

3.      Mr. Anton Ewing also attended the Conference via Zoom. Mr. Ewing was cordial, polite, and behaved professionally during the Conference.

4.      I cannot and do not attest to Mr. Ewing's actions or behavior before or after the Conference, or in any other setting, matter, case, proceeding, or tribunal.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2021, in New York, New York.


Michael Bernstein

# EXHIBIT 'K'

1
2
3
4
5
6         **THE UNITED STATES FEDERAL DISTRICT COURT**
7              **SOUTHERN DISTRICT OF CALIFORNIA**

8    **Anton Ewing**, an individual,        ) Civil Case No. 22-cv-0215 JO- DDL
                                            )
9                  Plaintiff,               )
                                            ) **DECLARATION OF GLENN**
10        vs.                               ) **WILBOR**
                                            )
11                                          )
12   **Premium Merchant Funding One,**      )
     **LLC**                                ) Hearing: NA
13                                          ) Time: NA
               Defendant.                   ) Courtroom: NA
14                                          )
                                            ) *The Honorable District Judge Ohta*
15                                          ) *The Honorable Magistrate Leshner*
                                            )
16   _____       )

17        I, Glenn Wilbor ("Wilbor"), hereby declare, depose and state, of my own

18   personal knowledge, under oath and subject to penalty of perjury under the laws of

19   the United States of America, that the following is true, correct and accurate.  If

20   called upon to testify in court, I will truthfully do so:

21        1.  I am a licensed mortgage broker and real estate broker in the State of

22            California (NMLS and DRE).

23        2.  I am in the business of financing, lending, mortgages and loans.

24        3.  My California broker license number is 01168297.

          4.  I have been a real estate broker since 2011 and before that I was a
25
              licensed salesperson.

                        DECLARATION OF ANTON EWING - 1

                                                                    22cv0215

5. My NMLS license number is 463372.

6. I set up FAE Financing, LLC in November, 2022.

7. Anton Ewing did not ask me to set up FAE Financing, LLC.

8. I set up FAE Financing, LLC for my loan business and I intend to obtain a California Finance Lender (CFL) license for this entity.

9. I own, manage and run several other licensed corporations in California that also conduct financing, lending and loan origination as well as loan processing.

10. I have several licensed loan officers, loan processors and loan originators that work for me and with me.

11. When I set up entities, like LW Mortgage, GCL Mortgage, and KW Mortgage, I normally use initials followed by a financial term or word.

12. Zachary Frampton has never contacted me and I do not know who he is.

13. Premium Merchant Funding One, LLC is a competitor of mine although I have never heard of them before.

14. I was not paid to sign this declaration.

I have read the forgoing and it is true and correct. I signed this in San Diego, California

DATED: 1/23/2023          /s/   Glenn Wilbor
                          Glenn Wilbor

DECLARATION OF ANTON EWING - 2

22cv0215

**PROOF OF SERVICE**

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have mailed and served, the Declaration of Glenn Wilbor and had it served on Defendant as follows:

**Case No.** 22-cv-0215 JO DDL

**Declaration of Anton Ewing has been mailed to:**

by US Mail, postage pre-paid, first class to:

Premium Merchant Funding One, LLC
Zachary C. Frampton
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Registered CM/ECF users were served via CM/ECF to the email address they have on file.

The parties have agreed to service by email attachment in pdf format.

I swear under penalty of perjury that the above was served as stated.

Dated:  January 23, 2023

/S/ *Anton Ewing*
Anton Ewing

DECLARATION OF ANTON EWING - 3

22cv0215

# EXHIBIT 'L'

FILED

JAN 0 6 2021

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

1  Anton Ewing (Not an Attorney)
   3077 Clairemont Dr. #372,
2  San Diego, CA 92117
   (619) 719-9640
3  anton@antonewing.com

4

5  Plaintiff in pro se

6          THE UNITED STATES FEDERAL DISTRICT COURT

7               SOUTHERN DISTRICT OF CALIFORNIA

8

9  **Anton Ewing**, an individual,        )  Civil Case No. 20-cv-01965-AJB-AGS
                                           )
10              Plaintiff,                  )  **DECLARATION OF ANTON
                                           )  EWING REGARDING
11      vs.                                 )  SETTLEMENT**
                                           )
12                                          )
   **Premium Merchant Funding One,**        )
13 **LLC** also known as                    )
                                           )
14 Premium Merchant Funding, LLC            )
                                           )
15 also known as PMFUS;                     )
                                           )
16 **Elie Golshan** an individual.          )
                                           )
17              Defendants.                 )

18

19      Plaintiff Anton Ewing ("Ewing"), hereby declare, depose and state, of my

20 own personal knowledge, under oath and subject to penalty of perjury under the

   laws of the United States of American, that the following is true, correct and
21
   accurate:
22
        1. Mr. Raymond Kim has delayed this settlement from December 15, to
23
           December 29, 2020.  I have sent him multiple emails asking him to get
24
           this matter resolved as per the ENE agreement that was put on the record.
25

                          DECLARATION OF ANTON EWING- 1

                                                                    20cv1965

2. I received a written settlement agreement that included many terms, conditions and restrictions that were not mentioned or agreed to at the ENE with the Honorable Judge Schopler.

3. The parties agreed, at the ENE, on the record, which is sealed and confidential, that the parties would use and employ the prior 2019 settlement agreement with certain modifications that were put on the record while at the ENE and sealed by the Honorable Judge Schopler.

4. Now, attorney Raymond Kim and his defendant clients want to change the terms that were agreed to. For example, Mr. Kim now demands that the last part of paragraph 3A be deleted. But, I bargained for this clause and now Defendants do not want to honor it. There are many other examples.

5. Another example is when Mr. Kim took out the word "attorney" in the no "attorney fees" clause and only put "fees." This is a material change. I bargained for no <u>attorney</u> fees as that is what was in the prior agreement. Mr. Kim has made this change in bad faith.

6. Another example of a material change has been included by Mr. Kim wherein he now demands that his client be given three days notice prior to using the declaration in support of Ewing and he demands that it only be used one time. This is a material change and was not discussed at the ENE. There are other major changes that cannot be mentioned in this declaration that were mandated by Mr. Kim and would violate the confidentiality to disclose them here. But they are shocking.

7. At the ENE, while on the record, Mr. Kim and their in-house counsel Mr. Bernstein, agreed and confirmed that the terms put on the record were complete and accurate.

DECLARATION OF ANTON EWING- 2

8. I have conducted a meet and confer with Mr. Kim via telephone and we are at a total and complete impasse. I am not agreeing to change the terms and conditions there were bargained for at the ENE and were put on the record.

9. I believe that the Court should hold a hearing on an order to show cause why Defendants should not be held in contempt or sanctioned for obstructing the settlement of this matter.

DATED: 12/29/2020

/s/     Anton Ewing
Anton Ewing
Plaintiff In Pro Se
Email: anton@antonewing.com

DECLARATION OF ANTON EWING- 3

20cv1965

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter.  I have mailed and served, The Joint Motion to Dismiss and had it served on Defendants as follows:

**Case No.** 20-cv-01965-AJB-AGS

**Declaration of Anton Ewing has been mailed to:**

by US Mail, postage pre-paid, first class to:

Premium Merchant Funding One, LLC
Raymond Y. Kim
Holland & Knight LLP
400 South Hope Street
8th Floor
Los Angeles, CA 90071
213-896-2414
Email: raymond.kim@hklaw.com

Elie Golshan
Raymond Y. Kim
Holland & Knight LLP
400 South Hope Street
8th Floor
Los Angeles, CA 90071
213-896-2414
Email: raymond.kim@hklaw.com

I swear under penalty of perjury that the above was served as stated.
Dated: December 29, 2020

/S/ *Anton Ewing*
Anton Ewing

DECLARATION OF ANTON EWING- 4

20cv1965

# EXHIBIT 'M'

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into as of June 24, 2019 (the "Effective Date"), by and between Anton Ewing ("Mr. Ewing" or "Plaintiff"), and Premium Merchant Funding One, LLC (herein "Premium Merchant Funding One" or as well as Elie Golshan

"PMFO"). Collectively, Mr. Ewing and PREMIUM MERCHANT FUNDING ONE are referred to herein as the "Parties" and are the sole parties to this Agreement.

### RECITALS

**WHEREAS,** in 2016, 2017 and 2018, Mr. Ewing claims to have received multiple telephone calls and text messages on his cellular telephones from Premium Merchant Funding One or its agent;

**WHEREAS,** Plaintiff states that the representative on the call recorded the call and Plaintiff alleges the call was recorded without his express consent or knowledge and that no disclosure of recording was made at the beginning of the call that the call was being recorded;

**WHEREAS,** Plaintiff states that home and cell phones are protected by the National Do Not Call Registry, which Plaintiff is on, and that there is no prior business relationship with PREMIUM MERCHANT FUNDING ONE or its agents;



Page 1 of 11

WHEREAS, Plaintiff states that he has expressly informed PREMIUM MERCHANT FUNDING ONE to never call him ever again.

WHEREAS, after receiving the call, Mr. Ewing contacted PREMIUM MERCHANT FUNDING ONE representatives to discuss a potential civil lawsuit against PREMIUM MERCHANT FUNDING ONE. Mr. Ewing made allegations of violations of California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, and the Telephone Consumer Protection Act, 47 U.S.C. §227,  that PREMIUM MERCHANT FUNDING ONE and/or its agents made phone calls to his cellular and home telephone in violation of federal or state law (the "Allegations");

WHEREAS, the Parties desire to compromise and settle any and all claims by Plaintiffs personally that were or might have been asserted in the Allegations (the "Dispute"), solely to avoid the expense of pursuing protracted domestic and international investigations, discovery, and litigation, and without any admission of liability or fault;

THEREFORE, in consideration of and in reliance upon only the respective representations, covenants, terms and conditions contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.   **Recitals.** Each of the foregoing recitals constitutes a substantive provision of this Agreement and is incorporated into, and made a part of, the Parties' Agreement.

2.   **Payment delivered to Mr. Ewing.** In full and final settlement of all claims that were or might have been asserted by Mr. Ewing in the Allegations, the total consideration tendered by PREMIUM MERCHANT FUNDING ONE to Mr. Ewing pursuant to this Agreement shall be _____ _____ (the "Settlement Payment"). PREMIUM MERCHANT FUNDING ONE shall cause the Settlement Payment to be tendered via check and delivered to Anton Ewing. The check shall be payable to **Stop Calling Me, LLC.** Said payment to be delivered via Fedex or UPS to 3077 B Clairemont Drive #372, San Diego, CA 92117. Mr. Ewing will not provide PREMIUM MERCHANT FUNDING ONE with his social security number. PREMIUM MERCHANT FUNDING ONE will not issue any 1099 to Mr. Ewing's social security number. Each party is responsible for their own tax obligations. PREMIUM MERCHANT FUNDING ONE warrants that it does not have Mr. Ewing's social security number and will not attempt to obtain the same at any time. *7 days from when the* After the payment has been made, the parties shall file a Rule 41 joint dismissal with prejudice.

3.   <u>Warranties and Representations</u>.  Each Party represents and warrants to the other Party that the Party executing this Agreement: has all requisite power and authority to execute and deliver this Agreement on behalf of such Party; has had full and ample opportunity to conduct any and all required due diligence or investigation with respect to all pertinent matters; and has been advised by legal counsel with respect to the subject matter of the Lawsuit, this Agreement, and their attendant risks and benefits.  Ewing is the prevailing party for any and all Section 391 vexatious litigant purposes which may be disclosed in camera to a judge or magistrate only.

A.  PREMIUM MERCHANT FUNDING ONE, and any entity it may set up or any company it may work for, will never contact Ewing ever again via email, telephone, robo-call, fax, letter, or any other method or manner of communication except through their counsel.  The telephone numbers covered by this agreement are: 619-347-0726 (Collette Stark – 3rd party beneficiary), 619-719-9640, 619-888-1296, 858-333-1962 and 619-798-2016.  PREMIUM MERCHANT FUNDING ONE will never send or cause to be sent any **solicitation** email to Ewing at anton@antonewing.com or sddronevideos@gmail.com.  This paragraph is a material provision of this agreement.  Ewing has provided all of his contact phone numbers which PREMIUM MERCHANT FUNDING ONE agrees to add to its DNC list.  PMFO shall provide Ewing with full contact information on the lead source

attempt  within its best efforts to . . . .

Page 4 of 11

3A₁   In The event Ewing discovers
any violation with respect
to paragraph 3A, Mr. Ewing
agrees to notify PMFO's counsel
                              and
                          Elie
                          Golshan
at: jingber@reedsmith.com of the violation
and allow PMFO and Golshan
the opportunity to cure the violation
for 25 days before filing any
action and Ewing agrees this notice
to cure provision is ~~before~~ applicable
for 3 years as of the date of this
agreement. Counsel for PMFO and Golshan
shall be allowed to provide proof of the
cure to Ewing prior to any filing of any action.

that was used to either obtain Ewing's phone number or that initiates the illegal calls to Ewing, all within 10 days.  PMFO will also produce to Ewing within 10 days any and all contracts and emails with the lead source that Premium Merchant Funding One used to contact Ewing.

B. Ewing will never pay PREMIUM MERCHANT FUNDING ONE attorney fees or costs no matter what.  PREMIUM MERCHANT FUNDING ONE has negotiated this provision and expressly agrees that it is fair and reasonable.

4.    **Release of PREMIUM MERCHANT FUNDING ONE**.  Mr. Ewing, his affiliates, insurers, employees, agents, attorneys, representatives, successors, and assigns, hereby completely and irrevocably releases PREMIUM MERCHANT FUNDING ONE, together with PREMIUM MERCHANT FUNDING ONE's parents, predecessors-in-interest,  subsidiaries, insurers, officers, directors, shareholders, employees, and successors  (collectively, the "PREMIUM MERCHANT FUNDING ONE Releasees") from any and all past and present causes of action, claims, demands, obligations, liabilities, expenses, damages, costs, or losses, of whatever kind or nature, in law or equity, in tort or in contract, suspected to exist or not suspected to exist, anticipated or not anticipated, known or unknown, which have arisen, from the beginning of time to the Effective Date of this Agreement, that were or might have been asserted in the Allegations.  Without limitation, Plaintiff hereby completely and irrevocably releases the PREMIUM

MERCHANT FUNDING ONE Releasees from any and all claims that were or could have been made pursuant to the California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, and the Telephone Consumer Protection Act, 47 U.S.C. §227.

A.     As a material inducement for PREMIUM MERCHANT FUNDING ONE and Ewing to enter into this Agreement, PREMIUM MERCHANT FUNDING ONE and Ewing hereby waive all rights under Section 1542 of the California Civil Code with respect to Releasees.  All Parties acknowledge that they are familiar with, and understand, the provisions of Section 1542 and its operation, and that, as appropriate, each has had the opportunity to consult with legal counsel regarding the provisions and operation of Section 1542.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

B.     PREMIUM MERCHANT FUNDING ONE and Mr. Ewing further acknowledge that, as evidenced by the signatures below, each has read all of this Agreement (including the section of the Civil Code cited above), that each fully understands the Agreement and waiver of rights set forth in Sections 4 and 4(A) of this Agreement.

Page 6 of 11

5.      Covenant Not to Sue and Future Obligations.   The parties hereby covenant that they shall not commence or maintain (whether in a person, entity, or in a class capacity) any suit against the PREMIUM MERCHANT FUNDING ONE Releasees based upon the facts that were or could have been alleged in the Allegations, whether at law or in equity.

6.      No Admission of Liability.   Nothing in this Agreement is or shall be construed as an admission of liability with respect to any matter released hereby by any of the Parties named herein, and any such alleged liability is expressly denied. This Agreement is a compromise of disputed claims and is entered into knowingly and voluntarily by the Parties for the sole purpose of settling the Dispute without incurring costs related to protracted investigation, discovery and litigation. Without limiting the generality of the foregoing, the Parties acknowledge and agree that neither this Agreement nor anything contained herein shall be admissible in connection with any subsequent litigation arising out of or related to the Allegations (except as may be necessary for the enforcement of this Agreement).

7.      Confidentiality and Non-Disclosure.   The Parties acknowledge and understand that, other than an acknowledgement or statement that the Dispute has settled, they may not discuss or disclose this Agreement or its terms and conditions, including the settlement amount, except:

            (a)     As required by a court order;



(b)    as required to enforce this Agreement;

(c)    as a defense to an action to enforce this Agreement;

(d)    to such Party's attorneys, and tax advisors;

(e)    to any applicable taxing authority

If any third party, including any employee thereof, seeks to obtain this Agreement, the terms thereof, or documents, discussions, and/or information relating to the Agreement, and/or the Dispute settled by the Agreement, the Parties shall object and resist providing any such documents or information. If the Parties are compelled to disclose, publish, publicize or disseminate in any way the contents of the Agreement as a result of the matters set forth in the provisions above, the party receiving the request shall, to the extent reasonably possible, provide notice to the other as quickly as possible, so that the other party may make any objections, motions, filings or other actions to prevent such disclosure, publication or dissemination.

8.    **Choice of Law.** This Agreement is governed by, and shall be construed in accordance with, the internal laws of the State of California, without regard to any conflicts of laws provisions. The parties agree that the choice of California law is reasonable and appropriate. Venue and jurisdiction shall be San Diego County, California only.

9.    **Successors and Assigns**.  The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties to this Agreement and their respective successors and assigns.

10.    **Survivability**.  It is understood and agreed that if any term or provision of this Agreement, or any application of any term or provision to any person, entity, circumstance, or situation, is to any extent invalid or unenforceable, the remainder of this Agreement, and the application of such term or provision to any other person, entity, circumstance, or situation, shall not be invalidated or made unenforceable thereby.  Any such invalid portion shall be deemed severable.  It is the Parties' intent to have each term and provision of this Agreement be valid and enforceable to the fullest extent and with respect to all persons, entities, circumstances, and situations permitted by law and equity.

11.    **Integration**.  Each Party acknowledges and agrees that this Agreement is a full, arms-length, final and complete settlement of all matters contained herein. This Agreement may be modified, amended or changed only by an agreement in writing signed by authorized representatives of all of the Parties.  Each Party represents and warrants that this Agreement is made and executed by such Party upon its own free will and upon advice of counsel of its own choosing.  No Party has been influenced, coerced or induced to enter into this Agreement.  Each Party further acknowledges and agrees that: this Agreement represents a full and final

integration and this Agreement constitutes the entire agreement between the Parties relating to the subject matter reflected herein; the Party executing this Agreement is not relying upon and waives any written or oral statements, representations, claims or defenses other than the representations expressly contained in this Agreement; and all prior negotiations, representations, agreements and understandings between the parties with respect the Lawsuit and the settlement thereof are merged into, extinguished by and superseded by the terms of this Agreement.

12. **Joint Draftsmanship.** Both parties drafted this document and it shall not be construed against any party as to any term that may be vague or ambiguous.

13. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. This Agreement shall be effective and finally executed when identical counterparts, which when taken together bear the signatures of all Parties, have been delivered to counsel or representatives for all the Parties, either by e-mail, facsimile or overnight delivery service. Copies of all or part of this Agreement, including signatures thereto, which are transmitted by facsimile or by e-mail in .pdf or other electronic format, shall be presumed valid. The Parties agree that this Agreement may be transmitted by facsimile, electronic mail, or such similar device, and that the reproduction of signatures by facsimile, electronic mail, or such similar device will be treated as binding as if originals.

14.    **Further Assurances**.   The Parties shall execute, deliver and perform or cause to be executed, delivered and performed any and all such further acts, deeds and assurances as may be reasonably required in order to fully carry out the terms of this Agreement.

Each Party has caused this Agreement to be executed on its respective behalf, as of the date written below.

Dated: June 24, 2019                    Anton Ewing

                                        By: _____
                                             Anton Ewing

Dated: June 24, 2019                    Premium Merchant Funding One, LLC

                                        By: _____
                                             Premium Merchant Funding One, LLC

                                        _____
                                             Elie Golshan

# EXHIBIT 'N'

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into as of December 15, 2020 (the "Effective Date"), by and between Anton Ewing ("Mr. Ewing" or "Plaintiff"), and Premium Merchant Funding One, LLC (herein "Premium Merchant Funding One" or "PMFO") and Elie Golshan ("Mr. Golshan, and collectively with PMFO, "Defendants"). Collectively, Mr. Ewing and Defendants are referred to herein as the "Parties" and are the sole parties to this Agreement.

## RECITALS

**WHEREAS,** on or about June 24, 2019, the Parties entered into a Settlement Agreement and Release wherein Defendants expressly agreed never to call Mr. Ewing ever again;

**WHEREAS,** certain disputes and controversies have arisen between the Parties hereto with respect to alleged phone calls and emails placed by Defendants to Mr. Ewing since June 24, 2019;

**WHEREAS,** Mr. Ewing claims to have received multiple telephone calls on his cellular telephones and emails from Premium Merchant Funding One or its agent since June 24, 2019;

**WHEREAS,** Plaintiff states that the representative on the call recorded the call and Plaintiff alleges the call was recorded without his express consent or knowledge and that no disclosure of recording was made at the beginning of the call that the call was being recorded;

**WHEREAS,** Plaintiff states that home and cell phones are protected by the National Do Not Call Registry, which Plaintiff is on, and that there is no prior business relationship with Premium Merchant Funding One or its agents;

**WHEREAS,** Mr. Ewing filed a Complaint (the "Complaint") in the United States District Court, Southern District of California, and captioned *Anton Ewing v. Premium Merchant Funding One, LLC, aka Premium Merchant Funding, LLC, or PMFUS, and Elie*

*Golshan,* Case No. 20-CV-1965-AJB-AGS (the "Lawsuit") which alleges, in part, that

Defendants have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

("TCPA") and the California Invasion of Privacy Act, Penal Code, § 632 *et seq.* ("CIPA");

**WHEREAS**, the Parties desire to compromise and settle any and all claims of Plaintiff

that were or might have been asserted in the Lawsuit, solely to avoid the expense of pursuing

protracted domestic and international investigations, discovery, and litigation, and without any

admission of liability or fault;

**THEREFORE,** in consideration of and in reliance upon only the respective

representations, covenants, terms and conditions contained herein, as well as other good and

valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties

agree as follows:

<u>**AGREEMENT**</u>

1.      <u>**Recitals**</u>. Each of the foregoing recitals constitutes a substantive provision of

this Agreement and is incorporated into, and made a part of, the Parties' Agreement.

2.      <u>**Payment delivered to Mr. Ewing**</u>. In full and final settlement of all claims that

were or might have been asserted by Mr. Ewing in the Lawsuit, the total consideration tendered

by Defendants to Mr. Ewing pursuant to this Agreement shall be

....ent Payment"). Premium Merchant Funding One shall cause the

Settlement Payment to be tendered via check and delivered to Anton Ewing. The check shall be

payable to "Anton Ewing."  Said payment to be delivered via Fedex or UPS to 3077 B

Clairemont Drive #372, San Diego, CA 92117. Mr. Ewing will not provide Premium Merchant

Funding One with his social security number. Premium Merchant Funding One will not issue

any 1099 to Mr. Ewing's social security number. Each party is responsible for their own tax

obligations.  Premium Merchant Funding One warrants that it does not have Mr. Ewing's social security number and will not attempt to obtain the same at any time.  After the payment has been made, the parties shall file a Rule 41 joint dismissal with prejudice.  The payment must be made, sent and delivered forthwith to the above address after the parties have each signed this Agreement.  Time is of the essence.

   **3.**  **Warranties and Representations**.  Each Party represents and warrants to the other Party that the Party executing this Agreement that it has all requisite power and authority to execute and deliver this Agreement on behalf of such Party; has had full and ample opportunity to conduct any and all required due diligence or investigation with respect to all pertinent matters; and has been advised by legal counsel with respect to the subject matter of the Lawsuit, this Agreement, and their attendant risks and benefits.  Ewing is the prevailing party only for any and all Section 391 vexatious litigant purposes which may be disclosed in camera to a judge or magistrate only.   PMFO shall attempt within its best efforts to provide Ewing with full contact information on the lead source that was used to either obtain Ewing's phone number or that initiated the illegal calls to Ewing, all within 30 days.  PMFO shall also produce, subject to best efforts, to Ewing within 30 days any and all contracts and emails with the lead source the PMFO used to contact Ewing or else a best effort of the same and an affidavit stating that this is all the information pertinent to the paragraph in its possession.

   **4.**  **No Future Contact With Mr. Ewing**.  Premium Merchant Funding One, and any entity it may set up or any company it may work for, will never contact Ewing ever again via email, telephone, robo-call, fax, letter, or any other method or manner of communication except through their counsel.  The telephone numbers covered by this agreement are: 619-347-0726 (Collette Stark — 3rd party beneficiary), 619-719-9640, 619-888-1296, 858-333-1962

Page **3** of **11**

and 619-798-2016. Premium Merchant Funding One will never send or cause to be sent any solicitation email to Ewing at **anton@)antonewing.com or sddronevideos@gmail.com or seoresearchdata@gmail.com.** This paragraph is a material provision of this agreement. Ewing has provided all of his contact phone numbers which Premium Merchant Funding One agrees to add to its DNC list.

     **5.**    **Declaration**. Defendants agree that Michael Bernstein will provide a declaration (the "Declaration"), attached as **Exhibit A** to the Agreement, providing that Mr. Ewing was cordial, professional, polite and behaved appropriately during the Early Neutral Evaluation conference held on December 15, 2020 before the Honorable Judge Andrew G. Schopler. The Declaration is subject to the Confidentiality Provision of this Agreement. However, Premium Merchant Funding One and Mr. Bernstein authorize Mr. Ewing to submit the Declaration in any future legal proceeding filed before The Honorable Judge Larry Alan Burns where a party challenges Mr. Ewing's professionalism in such a setting.

     **6.**    **Fees and Costs**. Ewing will never pay Premium Merchant Funding One attorney fees or costs no matter what. Premium Merchant Funding One has negotiated this provision and expressly agrees that it is fair and reasonable.

     **7.**    **Release of Premium Merchant Funding One**. Mr. Ewing, his affiliates, insurers, employees, agents, attorneys, representatives, successors, and assigns, hereby completely and irrevocably releases Premium Merchant Funding One and Mr. Golshan, together with Premium Merchant Funding One's parents, predecessors-in-interest, subsidiaries, insurers, officers, directors, shareholders, employees, and successors (collectively, the "Premium Merchant Funding One Releasees") from any and all past and present causes of action, claims, demands, obligations, liabilities, expenses, damages, costs, or losses, of

Page **4** of **11**

whatever kind or nature, in law or equity, in tort or in contract, suspected to exist or not suspected to exist, anticipated or not anticipated, known or unknown, which have arisen, from the beginning of time to the Effective Date of this Agreement, that were or might have been asserted in the Lawsuit.  Without limitation, Plaintiff hereby completely and irrevocably releases the Premium Merchant Funding One Releasees from any and all claims that were or could have been made pursuant to the California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, and the Telephone Consumer Protection Act, 47 U.S.C. §227.

8.      **Section 1542 of the California Civil Code**.  As a material inducement for Premium Merchant Funding One and Ewing to enter into this Agreement, Premium Merchant Funding One and Ewing hereby waive all rights under Section 1542 of the California Civil Code with respect to Releasees. All Parties acknowledge that they are familiar with, and understand, the provisions of Section 1542 and its operation, and that, as appropriate, each has had the opportunity to consult with legal counsel regarding the provisions and operation of Section 1542. Section 1542 provides as follows:

> **GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

A.      Premium Merchant Funding One and Mr. Ewing further acknowledge that, as evidenced by the signatures below, each has read all of this Agreement (including the section of the Civil Code cited above), that each fully understands the Agreement and waiver of rights set forth in Sections 8 and 8(A) of this Agreement.

9.      **Future Contact With Defendants**. [deleted]

Page **5** of **11**

10.     **Notice of Breach**. For a period of one (1) year from the Effective Date, each of the Parties covenant and agree to provide via *email* written notice with the right to cure ("Notice") of any alleged breach of this Agreement ("Breach") to the offending Party prior to initiating a civil action against that Party. The Party provided Notice of the alleged Breach shall have twenty (20) days to investigate and cure any Breach without incurring civil liability. The Notice shall be provided to the applicable Party at all of the following addresses:

| | |
|---|---|
| Defendants:<br>Holland & Knight LLP<br>Abraham J. Colman, and<br>Raymond Y. Kim<br>400 South Hope Street, 8th Floor<br>Los Angeles, California 90071<br>Email: Abe.colman@hklaw.com<br>Raymond.Kim@hklaw.com<br><br>Elie Golshan<br>Abe Burger<br>Michael Bernstein<br>Premium Merchant Funding<br>55 Water Street, 50th Floor<br>New York, NY 10004<br>Email: EGolshan@pmfus.com<br>Email: Aburger@pmfus.com<br>Email: MBernstein@pmfus.com | Plaintiff Anton Ewing<br>3077 B Clairemont Drive #372<br>San Diego, CA 92117<br>Email: anton@antonewing.com |

After proper Notice has been given, if good faith efforts are not made to cure the alleged Breach within twenty (20) days, only then may the aggrieved Party bring a civil action for the alleged Breach.  However, if good faith efforts are made to cure the alleged Breach (by diligently investigating how the alleged communications occurred and inputting (again) Mr. Ewing's phone numbers into Premium Merchant Funding's internal do-not-call list) or the Breach is reasonably cured within twenty (20) days, the Party offended by the alleged Breach is precluded from filing a civil action against the offending Party as a result of the alleged

Breach.  Premium Merchant Funding is only allowed, by this provision, to one violation (one-free-bite) and thereafter this provision shall be null and void.  PMFO does not have the right to violate this no-contact provision over and over for an entire year.  Contact by third parties on behalf of PMFO are deemed contact by PMFO.  This is a one time, one violation within one year provision.  PMFO is not being granted permission to contact Ewing more than one time.  Any repeated violations would be grounds for suit and constitute a breach of this agreement.

      **11.**    <u>**Covenant Not to Sue and Future Obligations**</u>.  The parties hereby covenant that they shall not commence or maintain (whether in a person, entity, or in a class capacity) any suit against the Premium Merchant Funding One Releasees based upon the facts that were or could have been alleged in the Allegations, whether at law or in equity.

      **12.**    <u>**No Admission of Liability**</u>.  Nothing in this Agreement is or shall be construed as an admission of liability with respect to any matter released hereby by any of the Parties named herein, and any such alleged liability is expressly denied.  This Agreement is a compromise of disputed claims and is entered into knowingly and voluntarily by the Parties for the sole purpose of settling the Lawsuit without incurring costs related to protracted investigation, discovery and litigation.  Without limiting the generality of the foregoing, the Parties acknowledge and agree that neither this Agreement nor anything contained herein shall be admissible in connection with any subsequent litigation arising out of or related to the Allegations (except as may be necessary for the enforcement of this Agreement).

      **13.**    <u>**Confidentiality and Non-Disclosure**</u>.  The Parties acknowledge and understand that, other than an acknowledgement or statement that the Lawsuit has settled, they may not

discuss or disclose this Agreement or its terms and conditions, including the settlement amount, except:

   (a)  As required by a court order;

   (b)  as required to enforce this Agreement;

   (c)  as a defense to an action to enforce this Agreement;

   (d)  to such Party's attorneys, and tax advisors;

   (e)  to any applicable taxing authority.

   (f)  to any sitting judge;

If any third party, including any employee thereof, seeks to obtain this Agreement, the terms thereof, or documents, discussions, and/or information relating to the Agreement, and/or the Dispute settled by the Agreement, the Parties shall object and resist providing any such documents or information. If the Parties are compelled to disclose, publish, publicize or disseminate in any way the contents of the Agreement as a result of the matters set forth in the provisions above, the party receiving the request shall, to the extent reasonably possible, provide notice to the other as quickly as possible, so that the other party may make any objections, motions, filings or other actions to prevent such disclosure, publication or dissemination.

  **14.** <u>**Choice of Law**</u>. This Agreement is governed by, and shall be construed in accordance with, the internal laws of the State of California, without regard to any conflicts of law provisions. The parties agree that the choice of California law is reasonable and appropriate. Venue and jurisdiction shall be San Diego County, California only.

  **15.** <u>**Successors and Assigns**</u>. The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties to this Agreement and their respective successors and assigns.

Page **8** of **11**

16.   **Survivability**.  It is understood and agreed that if any term or provision of this Agreement, or any application of any term or provision to any person, entity, circumstance, or situation, is to any extent invalid or unenforceable, the remainder of this Agreement, and the application of such term or provision to any other person, entity, circumstance, or situation, shall not be invalidated or made unenforceable thereby.  Any such invalid portion shall be deemed severable.  It is the Parties' intent to have each term and provision of this Agreement be valid and enforceable to the fullest extent and with respect to all persons, entities, circumstances, and situations permitted by law and equity.

17.   **Integration**.  Each Party acknowledges and agrees that this Agreement is a full, arms-length, final and complete settlement of all matters contained herein. This Agreement may be modified, amended or changed only by an agreement in writing signed by authorized representatives of all of the Parties.  Each Party represents and warrants that this Agreement is made and executed by such Party upon its own free will and upon advice of counsel of its own choosing. No Party has been influenced, coerced or induced to enter into this Agreement. Each Party further acknowledges and agrees that this Agreement represents a full and final integration and this Agreement constitutes the entire agreement between the Parties relating to the subject matter reflected herein; the Party executing this Agreement is not relying upon and waives any written or oral statements, representations, claims or defenses other than the representations expressly contained in this Agreement; and all prior negotiations, representations, agreements and understandings between the parties with respect the Lawsuit and the settlement thereof are merged into, extinguished by and superseded by the terms of this Agreement.

18.   **Joint Draftsmanship**.  Both parties drafted this document and it shall not be construed against any party as to any term that may be vague or ambiguous.

19.     **Counterparts**.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.  This Agreement shall be effective and finally executed when identical counterparts, which when taken together bear the signatures of all Parties, have been delivered to counsel or representatives for all the Parties, either by e-mail, facsimile or overnight delivery service. Copies of all or part of this Agreement, including signatures thereto, which are transmitted by facsimile or by e-mail in .pdf or other electronic format, shall be presumed valid. The Parties agree that this Agreement may be transmitted by facsimile, electronic mail, or such similar device, and that the reproduction of signatures by facsimile, electronic mail, or such similar device will be treated as binding as if originals.

20.     **Further Assurances**.  The Parties shall execute, deliver and perform or cause to be executed, delivered and performed any and all such further acts, deeds and assurances as may be reasonably required in order to fully carry out the terms of this Agreement.

Each Party has caused this Agreement to be executed on its respective behalf, as of the date written below.

Date Executed: _____

**PLAINTIFF**

_____
ANTON EWING

_____
Printed Name

Date Executed: _____

**DEFENDANTS**
PREMIUM MERCHANT FUNDING
ONE, LLC

By:        _____

Print Name: _____

Page **10** of **11**

Date Executed: _____          ELIE GOLSHAN


                                                _____
                                                Elie Golshan, an individual

Approved as to form


_____
Raymond Kim, Esq.


Page **11** of **11**

# EXHIBIT 'O'



B1101-0195  11/29/2022  5:00 PM Received by California Secretary of State

**Secretary of State**

**Business**
Business Entities, 1500 11th Street, 3rd Floor

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: 5351424 |
| Date Filed: 11/29/2022 |

## Name Reservation Request Form
**(Corporation, Limited Liability Company, or Limited Partnership Names)**

**The proposed name is being reserved for use by:**

Your Name: JARED BILLER                                    Phone #: _____

Firm Name (if any): ELIE COHEN - FAE FINANCING LLC         Fax #: _____

Address: _____

City/State/Zip: _____

**Type of Entity** (Select the applicable entity type. Only one type may be selected.)

[✓] Corporation        [ ] Limited Liability Company        [ ] Limited Partnership

**Name To Be Reserved** (Enter the name to be reserved. Only one reservation will be made per Name Reservation Request Form. You may list up to three names, in order of preference, and the first available name will be reserved for a period of 60 days. The remaining names will not be researched.)

**1st Choice:** Premium Funding LLC

_____ is available.        _____ is available only with consent from:        _____ is not available. We have:

**2nd Choice:** _____

_____ is available.        _____ is available only with consent from:        _____ is not available. We have:

**3rd Choice:** _____

_____ is available.        _____ is available only with consent from:        _____ is not available. We have:

**Suspended/Forfeited Entity**

[✓] If the proposed name is being reserved for the purpose of reviving a suspended or forfeited entity, check the box and include the entity number.

**201627710140**
Entity Number

**Mail Back Response**

[ ] If the Name Reservation Request Form is submitted in person **and** if you would like the reservation to be mailed back, check the box and include a self-addressed envelope.

**Fees** (Please make check(s) payable to the Secretary of State.)

**Reservation Fee:** The fee for reserving a corporation, limited liability company or limited partnership name is $10.00 (per reserved name).

**Special Handling Fee:**

- In addition to the reservation fee, a $10.00 special handling fee is applicable for processing each Name Reservation Request Form delivered in person (drop off) to the Secretary of State's office.
- The $10.00 special handling fee must be remitted by separate check and will be retained whether the proposed name is accepted or denied for reservation.
- The special handling fee does not apply to name reservation requests submitted by mail.

| THE SPACE BELOW IS RESERVED FOR OFFICE USE ONLY | | | |
| --- | --- | --- | --- |
| Date: | Amt Rec'd: | R #: | By: |

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2023 JAN -6 AM IO: 31

SAN DIEGO COUNTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PREMIUM MERCHANT FUNDING ONE, LLC;  DOES 1-3

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTON A. EWING

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
, COUNTY OF SAN DIEGO, 330 WEST BROADWAY BLVD, SAN DIEGO 92101

CASE NUMBER:
*(Número del Caso):*
37-2022-00042705-CU-CO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ANTON A. EWING 3077 CLAIREMONT DRIVE #372, SAN DIEGO, CA 92117

DATE: **JAN 0 9 2023**
*(Fecha)*

Clerk, by    J. Sharath    , Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*