HOLLAND & KNIGHT LLP
Abraham J. Colman (SBN 146933)
Zachary C. Frampton (SBN 303225)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: zac.frampton@hklaw.com
        abe.colman@hklaw.com

*Attorneys for Defendant*
*Premium Merchant Funding One, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>         Plaintiff,<br><br>    vs.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>         Defendant. | Case No.: 3:22-cv-00215-JO-DDL<br><br>**DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S *EX PARTE* APPLICATION TO STAY CASE OR CONTINUE CASE MANAGEMENT CONFERENCE, EARLY NEUTRAL EVALUATION, AND RELATED DEADLINES**<br><br>Complaint filed: February 16, 2022<br><br>Judge Jinsook Ohta |

///
///
///
///
///
///
///
///

**NOTICE IS HEREBY GIVEN** that on February 1, 2023, Defendant Premium Merchant Funding One, LLC ("PMF") will and hereby does move *ex parte* for an Order from the Honorable Jinsook Ohta staying the case or, in the alternative, continuing the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") (collectively the "Conference") currently set for February 23, 2023, and related deadlines, pending ruling on PMF's Motion for an Order to Dismiss the Case, Require Plaintiff to Release PMF's Trade Name, and to Award Attorney's Fees (the "Motion").

This *ex parte* application ("Application") is made on the grounds that a stay is necessary to prevent Plaintiff from further abusing the judicial system and causing prejudice to PMF. Plaintiff will suffer no damages from a brief stay, given that he has already intentionally delayed this matter for months by thwarting PMF's revivorship efforts. On the other hand, PMF will be prejudiced if the matter proceeds given that the Motion may resolve this matter entirely and PMF will have to endure more of Plaintiff's reprehensible conduct in the interim.

In the alternative, PMF would respectfully request that the Conference be continued pending a decision on the Motion. At a minimum, a continuance of the Conference is necessary to avoid prejudice to PMF and its counsel. Further this Application is warranted because PMF is without fault in creating the circumstance which necessitate its submission.

This Application is based upon this notice, the accompanying memorandum of points and authorities, the declaration of Zachary C. Frampton, all papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

On January 20, 2023, Defense counsel provided notice to Plaintiff that PMF intended to move *ex parte* for an order continuing the Conference and then filed its *ex parte* application on January 27, 2023 (ECF No. 65). On January 31, 2023, the Honorable David Leshner denied the *ex parte* application but noted: "If Defendant

believes the matter should be stayed further – because of its pending motion for sanctions or for any other reason – it must seek such relief from the District Court." ECF No. 72. That same day defense counsel provided notice to Plaintiff that PMF would direct this Application to the Honorable Jinsook Ohta.

Dated:  February 1, 2023            HOLLAND & KNIGHT LLP

By: /s/*Zachary C. Frampton*
Abraham J. Colman
Zachary C. Frampton

Attorneys for Defendant
*Premium Merchant Funding One, LLC*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Defendant Premium Merchant Funding One, LLC PMF respectfully submits this *ex parte* application (the "Application") for an Order from the Honorable Jinsook Ohta staying the case or, in the alternative, continuing the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") (collectively the "Conference") currently set for February 23, 2023, and related deadlines, pending ruling on PMF's Motion for an Order to Dismiss the Case, Require Plaintiff to Release PMF's Trade Name, and to Award Attorney's Fees (the "Motion"). ECF No. 63.

## I.  INTRODUCTION

Plaintiff's reprehensive conduct provides more than ample justification for an *ex parte* order to stay this case or, in the alternative, continue the Conference, pending a decision on PMF's Motion. As set forth more fully in PMF's Motion, since the inception of this case, Plaintiff has waged a campaign of harassment against PMF and its counsel in direct violation of repeated court orders. A stay is warranted in light of the particular circumstances and competing interests involved in the case. Plaintiff will suffer no damages from a brief stay, given that he has already intentionally delayed this matter for months by thwarting PMF's revivorship efforts. On the other hand, PMF will be damaged if the matter proceeds given that the Motion may resolve this matter entirely. Furthermore, PMF will suffer the hardship of being forced to proceed and endure more of Plaintiff's abusive conduct if the matter proceeds.

In the event that the Court is not inclined to stay this matter, a brief continuance of the Conference until the Motion is decided is warranted. Given that the Motion may resolve this matter entirely, judicial economy is served by a continuance. Further, given Plaintiff's history of abuse, PMF will be prejudiced by having to endure Plaintiff's continued harassment pending ruling on the Motion. There is every reason to conclude that Plaintiff will continue his deplorable practices and harassment through the date of the Conference.

The evidence of Plaintiff's abusive tactics is abundant and well-documented. First, when Plaintiff filed his Complaint, he was required to attach an Order by Chief District Court Judge Larry A. Burns admonishing Plaintiff for inappropriate and unprofessional litigation conduct in a prior case and ordering him to act with civility and professionalism. Second, at a hearing on October 2, 2022, Magistrate Judge Leshner described Plaintiff's behavior as "frankly, shocking" and ordered Plaintiff to cease his abuse of defense counsel. Plaintiff did not do so. Third, at the October 12, 2022 hearing before the Honorable Judge Jinsook Ohta, the Court ordered Plaintiff to cease all efforts to block PMF's revivor and encouraged Plaintiff to relinquish the LLC he created using PMF's trade name. He did neither. Instead, the evidence indicates that he blocked PMF's revivor by creating at least one additional LLC. He also offered to relinquish his sham LLC only if PMF reimbursed him for the fees and costs he incurred to create it.

No party or attorney should be subjected to this sort of abuse, much less in a judicial proceeding from a vexatious litigant who multiple courts have sanctioned and admonished in the past for this same behavior. Therefore, PMF respectfully requests an *ex parte* order continuing the Conference, pending a decision on PMF's Motion.

## II.   FACTUAL BACKGROUND

As stated above, Plaintiff's campaign of harassment against PMF and its counsel is well-documented in the numerous briefs and filings in this matter. *See e.g.* ECF Nos. 12, 15, 19, 22, 64, 65. Rather than set forth these facts again, PMF incorporates by reference the factual background set forth in its Motion for Sanctions. *See* ECF No. 64 at § II.

Relevant to this Application, on January 20, 2023 and again on January 31, 2023, defense counsel emailed Plaintiff and informed him that it would be filing this *ex parte* application to stay the case or continue the Conference. Declaration of Zachary C. Frampton ("Frampton Decl."), Exs. A, B.

### III. LEGAL STANDARD

#### A. Ex Parte Relief[1]

*Ex Parte* orders are only proper in limited circumstances, such as "to address scheduling matters, such as motions to shorten time for hearing or to regulate the order of discovery procedures." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch., ¶ 12:162; *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193–94 (C.D. Cal. 1989) (an *ex parte* order "may be necessary when a party seeks a routine order (e.g., to file an overlong brief or to shorten the time within which a motion may be brought))."

The following showing is necessary to justify *ex parte* relief: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Moreover, *an ex parte* application must show by affidavit or declaration that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made. Local Rule 83.3(g)(2).

#### B. The Court's Power to Control Docket and Stay Case

"When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

Likewise, the Supreme Court has held that a district court has discretion to stay proceedings in its own court. *Landis v. North American Co.*, 299 U.S. 248, 254

---

[1] Judge Ohta directed the parties in this case to utilize the *ex parte* motion procedure when time was of the essence as is the case here, given the deadlines in the Scheduling Order (ECF No. 50, p. 13: 3-9).

(1936). The Court has inherent power to stay proceedings in this case arising from the Court's power to control its docket, conserve judicial resources, and provide for a just determination of the cases before it. *See*, *e.g.*, *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The Ninth Circuit has further explained:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, **administrative**, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979), cert denied, 444 U.S. 827 (*citing Kerotest Manufacturing Co. v. C-0-Two Fire Equip. Co.*, 342 U.S. 180 (1952)) (emphasis added).

The decision to grant a stay should be made in light of the particular circumstances and competing interests involved in the case. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV.   ARGUMENT

### A.   The Court Stay This Matter Pending Its Decision On The Motion

Here, there is ample justification for the Court to issue an *ex parte* order staying the proceedings. If this relief is granted, PMF will avoid being prejudiced, and the orderly course of justice will be served. On the other hand, the stay will not prejudice Plaintiff.

As set forth more fully in its Motion, Plaintiff has engaged in a level of harassment in this case to which no party or attorney should be subjected. *See* ECF

No. 64. In brief, Plaintiff has ignored repeated court orders, both from this Court and previous courts. ECF No. 63, § IV(B). He continues to engage in the obstructive and harassing conduct for which multiple courts have admonished and sanctioned him. *Id*. Plaintiff has proven that lesser sanctions do not dissuade him. *Id*. Terminating sanctions are therefore the only effective remedy as set forth more fully in the Motion. *Id*. Accordingly, PMF seeks dismissal of this action in its entirety as a sanction for Plaintiff's conduct. *Id*. In the event that the Motion is granted, any effort expended in preparing for the Conference will have been wasted. Thus, judicial economy will be served by a continuance.

If this matter proceeds, absent a stay or continuance, Plaintiff's gamesmanship will continue. This Court has admonished Plaintiff for his unprofessionalism previously, but Plaintiff has not improved his behavior. For instance, At the October 12, 2022 hearing, this Court encouraged Plaintiff, to the extent he had PMF's trade name, to voluntarily turn it over. ECF No. 64 § II(G). Plaintiff refused to voluntarily return the name. *Id*. Instead, he held it for ransom asking to be reimbursed by PMF for the sham LLC he should not have created in the first place. *Id*. This is but one example of Plaintiff's terrible behavior, but it appears Plaintiff did not stop there.

On November 1, 2022, to complete its revivor efforts, PMF changed its name yet again, this time to "FAE Financing, LLC." ECF No. 64-1 at ¶ 6. Despite this name change, the SOS denied PMF's revivor application for a third time. This was because on November 9, 2022, Articles of Organization for an LLC with a PMF's newest name, "FAE Financing, LLC," were submitted with an organizer identified as "Glenn Wilbor Broker" who is located in San Diego, California. *Id*. at Ex. E. Based on the history in this case, the public records, and Plaintiff's admission that he created at least one sham LLC, it is hard to fathom that someone other than Plaintiff was responsible for creating this LLC. If Plaintiff had any involvement in the creation of FAE Financing, LLC, his actions are especially egregious in light of the circumstances.

First, this Court graciously declined to make factual findings regarding Plaintiff's harassing and unprofessional behavior prior to the October 12, 2022 hearing. Instead, the Court offered Plaintiff the opportunity to "reset" and act civilly going forward. In response, Plaintiff scorned the Court's patience and restraint and defied an express order.

Second, the formation documents for "FAE Financing, LLC" clearly show that Plaintiff knew he was violating a Court order and tried to cover his tracks. Of the nine LLCs recently created in PMF's name or variations thereof, "FAE Financing" is the only one that does not list Plaintiff's name or address. *Id*. Plaintiff now testifies under penalty of perjury that he "did not inform, instruct, order, tell, or request that Glenn Wilbor set up FAE Financing, LLC with the California Secretary of State." ECF No. 70 at ¶ 1. If Plaintiff had any involvement in the creation of this LLC, his efforts to mislead the Court cannot be overlooked.

These are just a few examples of Plaintiff's abusive and inappropriate conduct. To prevent PMF and its counsel from suffering more of the same, PMF respectfully requests a stay of this case.

Furthermore, a short stay while the Court decides the Motion, will not prejudice Plaintiff. Plaintiff obviously has no interest in the speedy resolution of this matter, as evidenced by the fact that Plaintiff delayed this matter for ***months*** by repeatedly thwarting PMF's revivorship attempts. *See* ECF No. 64 § II.

Finally, the orderly course of justice will be served by a stay. If the matter is resolved by the Motion, issues, proof, and questions of law will not only be simplified, they will be rendered moot.

**B.     Alternatively, The Court Should Continue The Conference Pending Its Decision On The Motion**

Alternatively, there is ample justification for the Court to issue an *ex parte* order continuing the Conference pending its decision on the Motion.

- 9 -
DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S *EX PARTE* TO STAY CASE OR CONTINUE CASE MANAGEMENT CONFERENCE

First, absent *ex parte* relief, PMF will be highly prejudiced. Under the Court's current scheduling order, PMF will be forced to litigate this case with Plaintiff who has proven that he will continue to subject PMF and its counsel to more abusive litigation tactics and harassment up to, and through, the Conference. PMF will be forced to proceed against a vexatious litigant who makes it impossible to litigate in a normal and appropriate manner. Given Plaintiff's history of abuse and unjustified behavior, despite court orders, completing these tasks will, at a minimum, require PMF to continue to incur unwarranted and excessive expenses.

Second, PMF is without fault in creating the circumstances which necessitate this *ex parte* Application. Quite the opposite, this Application is necessitated by Plaintiff's campaign of harassment and obstructive behavior. *See* ECF No. 64 § II(B-H). Plaintiff alone has created the circumstances that make this *ex parte* application necessary

### C.   PMF Provided Reasonable Notice Of This *Ex Parte* Application To Plaintiff

On January 20, 2023, Defense counsel provided notice to Plaintiff that PMF intended to move *ex parte* for an order continuing the Conference. Frampton Decl., Ex. A.  PMF then filed its *ex parte* application on January 27, 2023 (ECF No. 65). On January 31, 2023, the Honorable David Leshner denied the *ex parte* application but noted: "If Defendant believes the matter should be stayed further – because of its pending motion for sanctions or for any other reason – it must seek such relief from the District Court."  ECF No. 72.  That same day defense counsel provided notice to Plaintiff that PMF would direct this Application to the Honorable Jinsook Ohta. PMF therefore provided reasonable notice of this *ex parte* application pursuant to Local Rule 83.3(g)(2).

### V.   CONCLUSION

For these reasons, Defendant PMF respectfully requests that the Court continue ENE and Case Management Conference currently set for February 23, 2023, pending

ruling on PMF's Motion for an Order to Dismiss the Case, Require Plaintiff to Release PMF's Trade Name, and to Award Attorney's Fees.

Dated: February 1, 2023                HOLLAND & KNIGHT LLP

By: /s/*Zachary C. Frampton*
    Abraham J. Colman
    Zachary C. Frampton

Attorneys for Defendant
*Premium Merchant Funding One, LLC*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450