UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                      Plaintiff,<br><br>v.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>                      Defendant. | Case No.: 22-cv-215-JO-DDL<br><br>**ORDER:**<br><br>(1) **DENYING MOTION FOR ORDER TO SHOW CAUSE [Dkt. No. 76];**<br><br>(2) **REQUIRING PARTIES TO FILE JOINT DISCOVERY PLAN;**<br><br>(3) **DIRECTING PARTIES TO MEET AND CONFER;**<br><br>(4) **SETTING FILING DEADLINE FOR PLAINTIFF'S MOTION FOR UNSPECIFIED RELIEF;** and<br><br>(5) **DENYING DEFENDANT'S REQUEST TO CHANGE TIME** |

The Court is in receipt of a volley of motions and communications from the parties and their counsel, including Plaintiff's Motion for an Order to Show Cause (the "OSC Motion," Dkt. No. 76), a request from Plaintiff for the Court's "guidance" regarding an unspecified motion, and a request from Defendant to change the time of the February 23,

2023 Early Neutral Evaluation and Case Management Conference ("ENE and CMC") – for which the parties have yet to file a Joint Discovery Plan as required by the Court's January 19, 2023, Order Resetting Early Neutral Evaluation and Case Management Conference (the "ENE Order"). Dkt. No. 63.  It appears to the Court that the common thread running through these various items is the failure of **both** parties (or their counsel) to engage with one another respectfully and in good faith, despite the undersigned's and the District Court's repeated admonishments and instructions to do so.  The undersigned is disappointed to learn that the parties continue this course of conduct and reiterates that **all** parties are expected to comply with Civil Local Rule 2.1, which requires "civility and professionalism" and applies to counsel and *pro se* litigants alike.  The Court turns now to the specific matters before it.

  ***Plaintiff's Motion for an Order to Show Cause [Dkt. No. 76].***  Referencing the Court's prior admonishments to all parties, Plaintiff moves *ex parte* for an order to show cause why defense counsel should not be held in contempt for his alleged failure to be "courteous, civil and professional." *See* Dkt. No. 76 at 4.  Plaintiff avers that between October 18, 2022 and November 28, 2022, he sent defense counsel nine letters in which he invited defendant to make him an "offer" for the sale of defendant's business name, and that he received no response to these letters. *See generally* Dkt. No. 77.  He further avers that defense counsel did not respond to his near-daily email requests to set a time to meet and confer about an unspecified issue. *See id.* at 3.

  The Court finds that defense counsel's apparent unwillingness to meet and confer with plaintiff, while disappointing, does not rise to the level of bad faith for which contempt sanctions would be appropriate.  It is well established that the Court's inherent sanction power "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).[1]  Accordingly, the Court may not impose sanctions pursuant to its

---

[1] Plaintiff states his motion is made pursuant to 28 U.S.C. § 1927, which concerns counsel's liability for excessive costs. *See* 28 U.S.C. § 1927. As there is no further mention of the

inherent power unless it finds that a party has acted in bad faith. *See Sell v. Country Life Ins. Co.*, 189 F. Supp. 3d 925, 929 (D. Ariz. 2016) (collecting cases). The record before the Court does not support a finding of defense counsel's bad faith. The Court is particularly unwilling to makes such a finding when Plaintiff's own moving papers are replete with uncivil aspersions regarding defense counsel's competence, diligence and candor and – quite troublingly – suggest that Plaintiff obtained a declaration from Defendant's assistant general counsel outside the presence of defense counsel.[2] *See* Dkt. No. 76 at 7-10.

The remainder of Plaintiff's motion is a recycling of his opposition to Defendant's motion for terminating sanctions that is currently pending before the District Court. *See* Dkt. No. 76 at 7-10. The undersigned makes no findings as to why and at whose direction "FAE Financing, LLC" was created, whether Plaintiff extorted Defendant, or whether Defendant is in violation of a settlement agreement from a prior case, as those issues had no bearing on the Court's finding that contempt sanctions are not warranted.

For the above reasons, Plaintiff's motion for an order to show cause [Dkt. No. 76] is **DENIED**.

***The Parties' Failure to File a Joint Discovery Plan***. As noted, on January 19, 2023, the undersigned issued the ENE Order, setting this matter for an ENE and CMC on February 23, 2023 at 1:30 p.m. Dkt. No. 63. The ENE Order requires the parties, among other things, to file a joint discovery plan by February 9, 2023, following their conference

---

statute in Plaintiff's motion, however, including in the cases cited therein, the Court assumes this was an oversight. In any event and for the sake of clarity, the Court finds that the current record does not support a finding that defense counsel has "unreasonably and vexatiously" multiplied the proceedings in this case and further that Plaintiff has made no showing that he incurred any excess costs or expenses thereby. To the extent Plaintiff seeks sanctions pursuant to this statute, the request is **DENIED**.

[2] Plaintiff refers to the "declaration [of] Michael Bernstein, assistant general counsel of Premium Merchant Funding One, LLC," but no such declaration was attached to Plaintiff's papers. *See* Dkt. No. 76 at 8.

pursuant to Federal Rule of Civil Procedure 26(f).  *See id.* at 6.  As of the date of this Order, no discovery plan has been filed.  Defendant's motion to continue the ENE and CMC have been denied by both the undersigned and the District Court.  *See* Dkt. Nos. 72, 78.  Regardless, the Court's ENE Order specifically provides that "[a]bsent express permission obtained from this Court, ***and notwithstanding the pendency of any motion***, counsel shall timely comply with the dates and deadlines herein."  *See id.* at 1 (emphasis added).

Finding no good cause for the parties' failure to file their joint discovery plan, the Court hereby **ORDERS** the parties to do so by the close of business on ***February 17, 2023***.

***Plaintiff's Motion for Unspecified Relief***.  On February 9, 2023, the undersigned's chambers received the following email from Plaintiff:

> Dear Judge Leshner:
>
> Defense counsel refuses to meet and confer with me prior to filing my intended motion.
>
> I need your guidance and direction on what I am to do now.
>
> Your chamber rules do not allow me to move forward.  I am not allowed to call your law clerk.
>
> Thank you,
> Anton Ewing, Plaintiff

The Court has repeatedly admonished Plaintiff, and reiterates here, that it is not the role nor the responsibility of this Court to provide legal advice to him.  Despite his *pro se* status, Plaintiff must read and comply with the rules to the best of his ability.  Further requests for the Court's "guidance and instruction" regarding the interpretation or application of the Court's rules will be rejected.

As to Plaintiff's "intended motion," the subject of which was not identified in the email, the Court **ORDERS** the parties to meet and confer not later than the close of business on ***February 15, 2023***.  If Plaintiff believes motion practice is still necessary after a good faith meet and confer by all parties, his motion must be filed by the close of business

/ / /

on **February 17, 2023**.  Assuming the matter is one for the undersigned to resolve, the Court will issue further instructions to the parties upon the filing of any such motion.

      ***Defendant's Request to Convene the ENE/CMC at a Different Time.***  By email to the undersigned's chambers on February 9, 2023, defense counsel advised the Court that "[his] client is on the East Coast" and inquired whether it would be possible to convene the February 15, 2023 ENE and CMC, set by Court order on January 19, 2023, to "a start time in the morning."  Plaintiff was not copied on this request.

      The Court has already clarified for the parties and counsel that it will not grant a request for relief based upon an informal email to chambers.  *See* Dkt. No. 44.  For the sake of expediency, the Court **DENIES** Defendant's request to convene the ENE and CMC at an earlier time February 23, as the Court is not available earlier in the day.  Going forward, defense counsel shall refrain from making *ex parte* requests to the Court via its chambers email.  All parties are **ORDERED** to review the undersigned's Chambers Rules regarding use of the chambers email, and to immediately cease all noncompliant communications with the Court.

**IT IS SO ORDERED.**

Dated: February 14, 2023

                                              Hon. David D. Leshner
                                              United States Magistrate Judge