UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                           Plaintiff,<br>v.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>                          Defendant. | Case No.: 22-cv-215-JO-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[Dkt. No. 82] |

      Before the Court is Plaintiff's Motion Requesting Sanctions Pursuant to Court's Inherent Power to Maintain Respect for Its Orders (the "Motion"). Dkt. No. 82. Plaintiff moves the Court to order Defendant's counsel, Zachary Frampton, to show cause why he should not be held in contempt. *Id.* at 2.

      Whether to hold a party in contempt is a matter of the Court's discretion. *See Hallett v. Morgan*, 296 F.3d 732, 749 (9th Cir. 2002). Among the factors the Court considers is whether the party against whom contempt sanctions are sought has acted in bad faith or willfully disobeyed an order of the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). The Court previously declined to issue an order to show cause why defense counsel should not be held in contempt, finding that defense counsel's conduct did not warrant

contempt sanctions. Dkt. No. 79. The Court finds that plaintiff has not established any new facts to warrant the Court's reconsideration of its earlier determination, *see* CivLR 7.1.i., and in its discretion the Court again declines to impose contempt sanctions, or to order Defendant's counsel to show cause why he should not be held in contempt. Plaintiff's Motion is therefore **DENIED**.

Plaintiff's Motion raises the issue whether the undersigned was involved with or oversaw the prosecution in *United States v. Bell, et al.*, 09-cr-1209-LAB. Dkt. No. 82-1 at 7 n.10. The undersigned was not the Criminal Chief in the United States Attorney's Office for the Southern District of California when that case was pending, and the undersigned had no involvement with the case. To the extent Plaintiff believes there are any grounds that warrant the undersigned's recusal in this case, plaintiff must file a written motion raising any such grounds by not later than **March 8, 2023**.

**IT IS SO ORDERED.**

Dated: February 22, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge